Cividanes, Peticionario, v. López Acosta, Juez de Distrito, Demandado.

Solicitud para que se expida mandamiento de *certiorari* al Juez de la Corte de Distrito de Guayama en un caso sobre cobro de pesos.

No. 138.—Resuelto en febrero 12, 1915.

Desestimación de Apelación—Apelación Procedente de la Corte Municipal—Transcripción de Autos.—Si bien no existe una disposición legal que expresamente autorice la desestimación de una apelación por la corte de distrito cuando la transcripción de autos no es elevada dentro de los veinte días fijados por la ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, aprobada en marzo 11, 1908, las disposiciones del artículo 7 del Código Civil, que tienen aplicación no sólo a las cuestiones de derecho sustantivo sino también a las derecho adjetivo y, especialmente, las del artículo 36 del Código de Enjuiciamiento Civil, son suficientes para justificar la desestimación de una apelación cuando la transcripción de autos no se radica dentro del referido término.

Id.—Apelaciones para Ante el Tribunal Supremo.—El artículo 303 del Código de Enjuiciamiento Civil sobre apelaciones para ante el Tribunal Supremo, preceptivo de que la apelación debe ser desestimada cuando el apelante deja de presentar los documentos requeridos por la ley, es aplicable por analogía a las apelaciones para ante las cortes de distrito, procedentes de las cortes municipales.

Reconsideración de Resolución—Hechos Nuevos Alegados en la Moción.—En una moción de reconsideración no deben alegarse hechos que no han sido considerados por el tribunal al dictar la resolución cuya reconsideración se pide, a menos que se presenten razones poderosas que constituyan una excusa razonable para no haberlo hecho antes.

Desestimación de Apelación—Moción para que se deje sin Efecto la Resolución de una Corte de Distrito Desestimando un Recurso de Apelación.—Discreción Judicial.—Una moción para que se deje sin efecto la resolución de una corte de distrito desestimando un recurso de apelación contra sentencia dictada por una corte municipal, se dirige a la discreción del juez de dicha corte de distrito, y a menos que se demuestre abuso de esa discreción su resolución debe sostenerse.

Jurisdicción—Apelación Procedente de la Corte Municipal—Jurisdicción de la Corte de Distrito.—De acuerdo con la sección segunda de la ley para regular las apelaciones contra sentencias de las cortes municipales en pleitos civiles, aprobada en marzo 11, 1908, una vez presentado el escrito de apelación, que tiene el efecto de suspender la ejecución de la sentencia, pierde su jurisdicción la corte municipal, y se adquiere por la de distrito, excepto únicamente cuando el escrito de apelación no ha sido notificado a la parte contraria, en que la propia ley autoriza a la corte municipal para desestimar el recurso.

DESESTIMACIÓN DE APELACIÓN—APELACIÓN PROCEDENTE DE LA CORTE MUNICI-
PAL—REGISTRO DE LA APELACIÓN E INCLUSIÓN EN EL CALENDARIO.—Una vez
elevados los autos en término a la corte de distrito y registrada la apelación
e incluída en el calendario, es el deber de la corte oirla y resolverla, aún sin
la comparecencia del demandado apelante.

Los hechos están expresados en la opinión.

Abogados del peticionario: Sres. *Rossy & Guillermety.*

El demandado compareció por escrito en nombre propio.

Abogado del interventor Adolfo Fortier: *Sr. C. Domín-
guez Rubio.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

En juicio civil seguido ante la Corte Municipal de Gua-
yama por Adolfo Fortier contra Manuel Cividanes, sobre co-
bro de dinero, dicha corte pronunció sentencia en 15 de sep-
tiembre de 1914, condenando al demandado al pago de la
suma de $469.15, costas y gastos originados en el litigio.
Contra esa sentencia interpuso el demandado recurso de ape-
lación para ante la Corte de Distrito de Guayama en 23 del
citado septiembre, con notificación a la parte contraria, y
en 27 de octubre siguiente el demandante, por medio de mo-
ción, solicitó de dicha corte la desestimación del recurso por
el fundamento de no haberse radicado la transcripción de
autos en la secretaría, ni haber hecho el apelante solicitud o
moción personándose en el recurso, ni pagados los derechos
de radicación de la apelación, no obstante haber transcurrido
con exceso los veinte días que al efecto señala la ley. En el
mismo día 27 de octubre se señaló el 5 de noviembre para
la vista de la moción, y también se remitió por correo al de-
mandado apelante, copia de la moción y del señalamiento
para su vista.

La transcripción de autos certificada por el secretario de
la corte municipal en 28 de octubre fué recibida al día si-
guiente en la secretaría de la corte de distrito, y esa corte,
por resolución de 5 de noviembre, después de celebrada la
vista sin la comparecencia de la parte apelante, y por el fun-
damento de haberse justificado por el apelado haber trans-

currido el tiempo señalado por la ley sin radicarse la apelación ni depositarse cantidad para costas, desestimó el recurso con las costas al apelante. Al día siguiente, noviembre 6, el apelante solicitó que fuera reconsiderada la anterior resolución, y previa radicación del caso, se señalara día para su vista, alegando que con fecha 5 de octubre satisfizo en la corte municipal la suma de $20 para costas de honorarios por la transcripción de los autos, y que en diferentes ocasiones había gestionado del secretario de la corte municipal la remisión de los autos a la corte de distrito, contestándole siempre dicho secretario no haberlo hecho por la extensión de los autos originales y por sus ocupaciones en la corte atendiendo a asuntos de índole electoral, y que el día 5 de noviembre, después de habérsele notificado el día 1º. la moción del apelado para la desestimación de la apelación, mandó a pagar los derechos de radicación en la corte de distrito, contestándosele por el secretario que no había lugar a ello por haberse resuelto ya la moción, desestimando el recurso.

La moción de reconsideración, después de vista, fué declarada sin lugar por resolución de 4 de diciembre último.

Los hechos que se dejan expuestos han sido alegados por el peticionario Manuel Cividanes en demanda de auto de *certiorari* presentada en 22 de diciembre citado ante esta Corte Suprema, contra el juez de la Corte de Distrito de Guayama, para que se dejen sin efecto las resoluciones de dicha corte de 5 de noviembre y 4 de diciembre último, desestimando por la primera el recurso de apelación, y declarando por la segunda no haber lugar a la reconsideración solicitada.

El auto de *certiorari* fué expedido por orden de esta Corte Suprema de 24 de diciembre, y elevados por la de Distrito de Guayama los procedimientos ante ella seguidos, después de un examen detenido de los mismos, hemos de llegar a la conclusión de que procede declarar sin lugar el recurso, anulándose el auto expedido.

La ley para reglamentar las apelaciones contra senten-

cias de las cortes municipales en pleitos civiles, aprobada en 11 de marzo de 1908, establece en su sección 1ª. que veinte días después de presentado el escrito de apelación al secretario de la corte municipal, éste remitirá a la corte de distrito copia de todos los alegatos, de la sentencia definitiva, y de todas las providencias o autos que la parte agraviada deseare presentar a la corte de distrito para su revisión.

Nada establece dicha ley para el caso de que no se dé cumplimiento por el secretario de la corte municipal al precepto anteriormente expresado, como tampoco antes de la vigencia de dicha ley existía disposición alguna para el caso de que se dejara de dar cumplimiento a la regla 34 de las dictadas para las cortes de distrito, cuya regla 34 disponía que el secretario de la corte municipal preparara y remitiera la transcripción de autos a la corte de distrito dentro de los diez días siguientes al perfeccionamiento de la apelación.

Opinamos que es aplicable aún después de estar vigente la ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, la doctrina que dejamos establecida en el caso de *López Zárate* v. *Villavaso,* 12 D. P. R., 53, en la que, interpretando la regla 34 que reglamentaba las apelaciones de las cortes municipales, dijimos, que si bien no existe una disposición legal que expresamente autorice la desestimación de la apelación cuando la transcripción de autos no era elevada a la corte de distrito dentro de los diez días siguientes al perfeccionamiento de la apelación, las disposiciones del artículo 7 del Código Civil, que tienen aplicación no sólo a las cuestiones de derecho sustantivo, sino también a las de derecho adjetivo, y especialmente, las del artículo 36 del Código de Enjuiciamiento Civil, son suficiente para justificar la desestimación de la apelación cuando no se radicare el récord dentro de aquel término.

La acción del juez de la corte de distrito desestimando la apelación por resolución de 5 de noviembre, está justificada, siendo como es aplicable al caso por analogía, según la doctrina que dejamos consignada, el artículo 303 del Código

de Enjuiciamiento Civil sobre apelaciones para ante el Tribunal Supremo, preceptivo de que la apelación debe ser desestimada cuando el apelante deja de presentar los documentos requeridos por la ley.

El peticionario Cividanes no hizo alegación alguna para que se declarara sin lugar la moción de desestimación del recurso pues no axistió a la vista de ella, en cuyo acto pudo alegar y demostrar que la falta de trasmisión de la transcripción del récord fué debida a negligencia exclusiva del secretario de la corte municipal y que él había sido activo para evitar esa negligencia, poniendo en ejercicio los recursos legales conducentes para compeler al secretario al cumplimiento de su deber. Si así lo hubiera hecho la corte de distrito, dentro de sus facultades discrecionales, hubiera podido denegar la moción de desestimación. *Albite* v. *del Toro, Juez de Distrito,* 15 D. P. R., 353 y 357.

También debe sostenerse la resolución de la corte de distrito de 4 de diciembre denegando la moción de reconsideración.

En una moción de reconsideración no deben alegarse nuevos hechos que no han sido considerados por el tribunal al dictar la resolución cuya reconsideración se pide, a menos que se expresen razones poderosas que constituyan una excusa razonable para no haberlo hecho antes. El apelante no alegó excusa alguna para no haber expuesto por escrito u oralmente, al verse la moción de desestimación de apelación, los hechos en que fundaba la reconsideración solicitada.

Sin embargo estudiaremos dicha moción en el sentido de que más que obtener reconsideración de la resolución de 5 de noviembre, se pretende por ella que se deje sin efecto o se anule dicha resolución.

Ya dijimos al resolver el caso de *Viñas* v. *Aldrey, Juez de Distrito,* 13 D. P. R., 363, que la moción solicitando que se anule la orden que desestima la apelación está dirigida a la discreción del juez de la corte de distrito, y a menos

que aparezca que ha abusado de dicha discreción, su orden desestimando la moción debe prevalecer.

El juez de distrito admitió pruebas al verse la moción llamada de reconsideración, y consignó su resultado en los siguientes términos:

"Esta moción fué discutida y de la prueba aportada por las partes aparece; que el demandado, al dictarse sentencia en su contra, en la corte municipal, apeló de ella para ante esta corte en 23 de septiembre, y en 5 de octubre envió al secretario de la corte municipal, por medio de una tercera persona, veinte dollars para el pago de las costas que originara la transcripción del récord; que dicha persona, fué comisionada para activar la apelación, habiendo concurrido dos veces a la corte municipal e informádole el secretario de la misma que debido al trabajo electoral aún no había terminado la transcripción; que tan pronto se terminó fué enviada a esta corte y avisado el demandado; que éste, en 5 de noviembre, fecha señalada para discutir la moción de desistimiento, envió al secretario de la corte de distrito una cantidad de dinero como depósito para radicar la apelación y que fué informado por el taquígrafo de la corte que en la mañana de dicho día se había resuelto la moción desestimando la apelación de acuerdo con la solicitud del demandante; que el demandado no hizo ninguna otra gestión en este asunto ante la corte municipal para que se enviase la apelación en tiempo ni ante esta corte de distrito para apersonarse y depositar los derechos dentro de los veinte días después de haber apelado."

Dicha prueba no ha sido sometida en forma alguna a la consideración de esta corte, pues no hay de ella la más ligera indicación en los autos, y bien podríamos por tanto, prescindir de su examen aceptando por presumirla buena, la conclusión a que llegó el juez desestimando la moción.

Pero aún teniendo en cuenta el resultado de las pruebas establecido por el juez inferior, ese resultado demuestra por sí mismo que no hubo abuso de discreción por parte del mencionado juez y que éste procedió correctamente en el ejercicio de su facultad discrecional.

El apelante no practicó gestión alguna ante el juez municipal para que el secretario hiciera la transcripción de autos dentro del término prevenido por la ley, ni ejercitó recurso

alguno para que fuera compelido al cumplimiento de su deber, ni compareció ante la corte de distrito a oponerse a la moción de desestimación en el día señalado para su vista, ni se cuidó de que al celebrarse ese acto estuviera ya registrada la transcripción de autos mediante el depósito de los derechos correspondientes.

El apelante no ha sido suficientemente diligente, y el Juez de la Corte de Distrito, por tanto, no abusó de su discreción al dictar las órdenes contra las que se queja.

Sostiene el peticionario que la Corte de Distrito carecía de jurisdicción para dictar las órdenes impugnadas, pues no podía adquirirla hasta que el secretario de la corte inferior remitiera los autos y se anotara la apelación en el calendario. No es así. La sección 2ª. de la ley aprobada en marzo 11, 1908, estatuye que la presentación del escrito de apelación tiene el efecto de suspender la sentencia, y por tanto desde ese momento pierde su jurisdicción la corte municipal y se adquiere por la corte de distrito, excepto cuando el escrito de apelación no ha sido notificado a la parte contraria, en cuyo caso la propia ley autoriza al mismo juez municipal para desestimar el recurso. El presente caso no está sujeto a tal excepción, pues el escrito de apelación fué notificado al apelado.

Desde luego que una vez elevados los autos en término a la corte de distrito, y registrada la apelación e incluída en el calendario, es el deber de la corte oirla y resolverla, aún sin la comparencia del demandado apelante, como así fué resuelto en el caso de *Gelabert Hermanos* v. *Córdova, Juez de Distrito,* 17 D. P. R., 1200.

Procede anular el auto de *certiorari* expedido, y comunicarse así a la Corte de Distrito de Guayama, con devolución de los autos originales.

*Declarada sin lugar la solicitud de* certiorari,
*y anulado el mandamiento expedido.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Asociado Sr. Wolf disintió.