BORINQUEN MARRERO RÍOS, demandante y apelado, *v.* GUSTAV L. MULLER, demandado y apelante.

No. 3817.—*Visto:* Enero 25, 1926. *Resuelto:* Enero 28, 1926.

APELACIÓN Y ERROR—DECISIONES SUJETAS A REVISIÓN—CUANTÍA O VALOR EN LITIGIO—CASOS ORIGINADOS EN LA CORTE MUNICIPAL.—La resólucion de una corte de distrito desestimando apelación interpuesta para ante ella, en asunto de cuantía superior a $300 que tuvo su origen en la corte municipal, es apelable.

MOCIÓN sobre desestimación de apelación presentada por el apelado. *Sin lugar.*

*Rafael Sancho Bonet,* abogado del apelante; *Sebastián García Díaz,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Se nos pide que desestimemos esta apelación establecida contra resolución de la Corte de Distrito de San Juan que desestimó la apelación interpuesta para ante ella contra sen-

tencia de la corte municipal que condenó al demandado a pagar la cantidad de $400, intereses y costas, alegándose como motivo para que desestimemos la apelación que la resolución de la corte de distrito no es apelable de acuerdo con la ley sobre apelaciones de las cortes municipales y con el artículo 304 del Código de Enjuiciamiento Civil.

No se trata ahora de resolver si el juez de distrito procedió correcta o erróneamente al desestimar la apelación procedente de la corte municipal porque esa es la materia de la presente apelación ante nosotros sino de si debemos desestimar la apelación interpuesta contra la resolución expresada de la corte de distrito, y sin embargo los motivos en que la apelada funda la moción de desestimación que nos hace se refieren a la cuestión de fondo en esta apelación pues la Ley No. 93 de 1917 promulgada en 1919 por el Secretario Ejecutivo de Puerto Rico en un apéndice al tomo II de 1917 en que se funda la moción lo que dispone es, que si el que apelare en una corte municipal dejare de solicitar la inclusión del pleito en el calendario de la corte de distrito, el juez de ésta corte declarará desierto el recurso, y nada encontramos en esa ley que disponga que tal resolución desestimando la apelación no sea apelable ante nosotros.

Tampoco el artículo 303 ni el 304 del Código de Enjuiciamiento Civil tienen aplicación en esta moción de desestimación puesto que en el primero de ellos lo que se declara es que si el apelante dejare de presentar los documentos requeridos para su apelación, ésta deberá ser desestimada, y no se alega que el apelante haya dejado de presentar en este Tribunal Supremo los documentos necesarios para que su apelación sea resuelta: y en cuanto al otro artículo tampoco es aplicable porque sólo se refiere a los efectos que produce una desestimación de apelación.

Siendo la resolución apelada de tal naturaleza que pone término en la corte de distrito a un asunto de cuantía superior a $300 que tuvo su origen en la corte municipal, entendemos que es apelable de acuerdo con el artículo 295, nú-

mero 2º del Código de Enjuiciamiento Civil según quedó enmendado por ley de 9 de marzo de 1905 página 213, Estatutos Revisados, Sección 5338, y aunque por una resolución como la apelada libramos un auto de *certiorari* en el caso de *Cividanes* v. *López Acosta*, 22 D.P.R. 79, después lo anulamos, y si bien no expusimos para nuestra resolución el fundamento de ser apelable dicha resolución, sin embargo, el sólo hecho de librarse un auto de *certiorari* no determina que la resolución objeto del mismo no sea apelable, ya que es discrecional el librar un auto de *certiorari* a pesar de existir apelación cuando a nuestro juicio lo exija así el bien de la justicia.

*Por lo expuesto no ha lugar a desestimar esta apelación.*