EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Nivia Montañez Leduc | |
| :---: | :---: |
| Peticionaria | Certiorari |
| v. | 2017 TSPR 122 |
| Alexander Robinson Santana | 198 DPR ____ |
| Recurrido | |

Número del Caso: CC-2016-412

Fecha: 29 de junio de 2017

Tribunal de Apelaciones:

      Región Judicial de Aguadilla y Fajardo

Abogadas de la parte peticionaria:

      Lcda. Ruth Pizarro Rodríguez
      Lcda. Lucian Nanishka Vargas Cruz

Abogados de la parte recurrida:

      Lcdo. Arturo González Martín
      Lcda. Mayra Rotger Meléndez

Materia: Derecho procesal apelativo: Notificación de la presentación de una petición de *certiorari* ante el Tribunal de Apelaciones mediante un negocio privado autorizado por el Servicio Postal de Estados Unidos para realizar servicios análogos a los del servicio postal. Forma de evidenciar la autoridad concedida por el Servicio Postal de Estados Unidos.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| Nivia Montañez Leduc<br><br>Peticionaria<br><br>v.<br><br>Alexander Robinson Santana<br><br>Recurrido | **Núm.** CC-2016-0412 |

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 29 de junio de 2017

Nuevamente nos vemos precisados a examinar ciertos aspectos relacionados con la notificación de la presentación de un recurso de *certiorari* ante el Tribunal de Apelaciones. Con tal de resolver la controversia ante nuestra consideración, es preciso aclarar y añadir a los pronunciamientos que realizamos en *Pérez Soto v. Cantera Pérez, Inc.*, 188 DPR 98 (2013). Veamos.

**I**

Durante el mes de enero de 2014, la Sra. Nivia Montañez Leduc presentó una demanda sobre liquidación de bienes gananciales en contra del Sr. Alexander Robinson Santana y *AKA Electrical & Engineering Contractor, Inc.* (*AKA Electrical*). Acaecidos varios trámites procesales, el 7 de julio de 2015, la señora Montañez Leduc presentó una *Urgente solicitud de descalificación de la Lcda. Mayra Rotger Meléndez y el Lcdo. Arturo González Martín y urgente*

*del auxilio del tribunal y solicitud de orden*. En síntesis, planteó que los representantes legales del señor Robinson Santana actuaron, en el pasado, como abogados y notarios de *AKA Electrical*. Por ende, su intervención en el caso suponía un conflicto de interés.

Tras la presentación de varios escritos y la celebración de múltiples vistas, el 25 de enero de 2016, el Tribunal de Primera Instancia notificó una *Resolución* en la que denegó la *Solicitud de descalificación*. Oportunamente, la señora Montañez Leduc presentó una *Moción en reconsideración sobre la resolución de descalificación* en la cual, esencialmente, reiteró los planteamientos que había esbozado anteriormente. No obstante, el 16 de febrero de 2016, el tribunal de instancia denegó la moción de reconsideración.

Inconforme, el 17 de marzo de 2016 a las 7:16 p.m., la señora Montañez Leduc recurrió al Tribunal de Apelaciones mediante un recurso de *certiorari*. Además, el 23 de marzo de 2016, ésta presentó una *Urgente moción en auxilio de jurisdicción y solicitud de paralización de los procedimientos hasta que se atienda la solicitud de remedios en favor de menores*. Examinados ambos escritos, el 29 de marzo de 2016, el foro apelativo intermedio notificó una *Resolución* en la que, en lo pertinente, le concedió a la señora Montañez Leduc hasta el 30 de marzo de 2016 para acreditar que notificó al señor Robinson Santana los escritos presentados de conformidad con las Reglas 33 y 37

del *Reglamento del Tribunal de Apelaciones*. Véase 4 LPRA Ap. XXII-B, R. 33 y R. 37.

A esos efectos, ese mismo día, la señora Montañez Leduc presentó una *Moción en cumplimiento de orden*. En ésta, acreditó haber notificado el recurso de *certiorari*, tanto a la Lcda. Mayra Rotger Meléndez como al Lcdo. Arturo González Martín, por correo certificado. Para así evidenciarlo, incluyó copia de dos (2) *Domestic Return Receipts* en los que se constata que ambos abogados recibieron la notificación los días 22 y 23 de marzo de 2016.

De otra parte, la señora Montañez Leduc admitió que, por inadvertencia, no realizó la notificación simultánea con relación a la moción en auxilio de jurisdicción. No obstante, informó que ese mismo día, el 29 de marzo de 2016, hizo la correspondiente notificación vía correo electrónico. Oportunamente, el señor Robinson Santana compareció y arguyó que no había recibido la notificación de la moción en auxilio de jurisdicción, por lo que la señora Montañez Leduc incumplió con la Regla 79 del *Reglamento*. Véase 4 LPRA Ap. XXII-B, R. 79.

El 1 de abril de 2016, el foro apelativo intermedio desestimó tanto el recurso de *certiorari* como la moción en auxilio de jurisdicción. Este foro concluyó, en cuanto a la moción en auxilio de jurisdicción, que no se realizó la notificación simultánea y tampoco se ofreció justa causa para el incumplimiento con el requisito reglamentario. Por

otro lado, referente al recurso de *certiorari*, el Tribunal de Apelaciones determinó que la señora Montañez Leduc tenía hasta el 18 de marzo de 2016 para presentar el recurso; no obstante, determinó la peticionaria notificó el recurso el 19 de marzo de 2016, a saber, tardíamente. Por tanto, el foro apelativo intermedio concluyó que la señora Montañez Leduc incumplió con su deber de realizar una notificación oportuna del recurso de *certiorari*, conforme a la Regla 33 del *Reglamento*. Véase 4 LPRA Ap. XXII-B, R. 33.

Oportunamente, la señora Montañez Leduc presentó una *Urgente moción de reconsideración, solicitud de paralización de los procedimientos y moción en auxilio de jurisdicción*. En lo pertinente, ésta incluyó prueba adicional a la que anejó originalmente en la *Moción en cumplimiento de orden* para evidenciar que realizó la notificación del recurso de *certiorari* dentro del término establecido para ello. A esos efectos, adjuntó un recibo de la Farmacia Puerta de Carolina, de 17 de marzo de 2016 a las 9:16 p.m., del que surge el pago de franqueo para dos (2) comunicaciones; éstas dirigidas a la licenciada Rotger Meléndez y al licenciado González Martín. Asimismo, arguyó que, conforme a nuestro dictamen en *Pérez Soto v. Cantera Pérez, Inc.*, 188 DPR 98 (2013), la notificación realizada a través de este servicio privado fue válida, pues es irrelevante el mecanismo para realizar la notificación. El señor Robinson Santana se opuso.

El 4 de abril de 2016, el Tribunal de Apelaciones notificó una *Resolución* mediante la cual proveyó *no ha lugar* a la *Urgente moción de reconsideración*. El foro apelativo intermedio insistió que la notificación del recurso de *certiorari* presentado por la señora Montañez Leduc, no se hizo dentro del término que exige el *Reglamento*. Asimismo, destacó que ésta no acreditó que la Farmacia Puerta de Carolina fuera un correo autorizado por el Servicio Postal de los Estados Unidos.

Finalmente, la señora Montañez Leduc presentó un recurso de *certiorari* ante este Tribunal. En éste, consignó dos (2) señalamientos de error de naturaleza estrictamente procesal. A saber:

> Cometió error el Honorable Tribunal de Apelaciones al desestimar el recurso de *certiorari* por entender que se notificó a las partes fuera del t[é]rmino de 30 días dispuesto por ley por el Correo Federal.

> Cometió error el Honorable Tribunal de Apelaciones al no darle validez al matasello de un correo privado como el d[í]a en que se notificó a la[s] partes según requiere las Reglas del Tribunal de Apelaciones y la[s] Reglas de Procedimiento Civil.

El 28 de octubre de 2016, emitimos una *Resolución* mediante la cual expedimos el recurso de epígrafe. Oportunamente, ambas partes presentaron sus correspondientes alegatos. Contando con el beneficio de sus comparecencias, procedemos a resolver.

**II**

**A**

El Artículo V de la *Constitución del Estado Libre Asociado de Puerto Rico* y la *Ley de la Judicatura de 2003* conceden a este Tribunal la facultad de adoptar las reglas necesarias para la administración de la justicia. Const. P.R. Art. V. Conforme a esta autoridad, adoptamos el *Reglamento del Tribunal de Apelaciones de 2004*. 4 LPRA Ap. XXII-B.

En lo que nos concierne, la Parte IV del *Reglamento* contiene las reglas aplicables al trámite de presentación y perfeccionamiento de los recursos de *certiorari*. Los profesionales del Derecho están obligados a dar cumplimiento riguroso a estos requisitos. Véase *Rodríguez v. Suarez Camejo*, 165 DPR 729 (2005); *Rojas v. Axtmater Ent., Inc.*, 150 DPR 560, 564 (2000); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642 (1987). Ello, sin duda, pues no se puede dejar "al arbitrio de los abogados decidir qu[é] disposiciones reglamentarias deben acatarse y cuándo, dependiendo del criterio personal de cada abogado". *Matos v. Metropolitan Marble Corp.*, 104 DPR 122, 125 (1975). Por tanto, ciertamente, el incumplimiento con las reglas de los tribunales apelativos puede impedir la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

A esos efectos, la Regla 32 (C) del *Reglamento* establece un término jurisdiccional de treinta (30) días, siguientes a la fecha de archivo en autos de la copia de la

notificación de una resolución u orden, para presentar un recurso de *certiorari* ante el Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 32. Ello, al igual que lo dispuesto en la Regla 52.2 (B) de las *Reglas de procedimiento civil*. 32 LPRA Ap. 5, R. 52.2 (B). Véase, además, *Morán v. Martí*, 165 DPR 356 (2005). De otra parte, la Regla 33 (B) consagra la forma en que se tiene que realizar la notificación del recurso a las partes.[1] En primer lugar, con relación al término para efectuar la notificación a las partes, destacamos que la referida regla preceptúa que "[l]a parte peticionaria notificará la solicitud de *certiorari* . . . dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto". 4 LPRA AP. XXII-B, R. 33(B).

Claro está, al ser el término de notificación uno de cumplimiento estricto y no jurisdiccional, su

---

[1] De otro lado, respecto a las mociones en auxilio de jurisdicción, la Regla 79 (E) del *Reglamento* dispone, en lo pertinente, lo siguiente:

> Cualquier solicitud de orden bajo esta regla se ajustará, en cuanto a su forma y contenido, a las disposiciones de las Reglas 68 y 70 de este apéndice, llevará el mismo epígrafe del caso principal, deberá ser notificada a las demás partes, y a cualquier persona contra quien se solicita un remedio, mediante el método que asegure que éstas queden notificadas de la solicitud simultáneamente con su presentación, y hará constar la notificación en la propia solicitud [...] A los fines de la notificación simultánea a que se refiere esta regla, podrán utilizarse los métodos de notificación personal, por teléfono o correo electrónico, de forma que las partes advengan en conocimiento de la solicitud de orden y del recurso inmediatamente de su presentación. 4 LPRA Ap. XXII-B, R.79 (E).

incumplimiento no supone -automáticamente- la desestimación del recurso. Ello, pues, "el tribunal no está atado al automatismo que conlleva a un requisito jurisdiccional, por lo que puede 'proveer justicia según lo ameritan las circunstancias' y extender el término". *Rodríguez*, 165 DPR en la pág. 738 (citas omitidas). Ahora bien, nótese que el foro apelativo intermedio no tiene la discreción para prorrogar un término de forma automática. Por tanto, sólo puede extender el término en instancias donde la parte haya demostrado justa causa. Véase *Rojas*, 150 DPR en la pág. 564; *Arriaga v. F.S.E.*, 145 DPR 122, 131 (1998). En consideración a lo anterior, si se suscita un incumplimiento sin justa causa, necesariamente procede la desestimación del recurso presentado. Véase *S.L.G. v. Mun. De Guaynabo*, 154 DPR 98 (2001).

De otra parte, la Regla 33 (B) del *Reglamento* establece cómo se puede y debe realizar la notificación. En particular, esta Regla dispone que se:

> [e]fectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo. Cuando se efectúe por correo, se remitirá la notificación a los abogados o abogadas de las partes, o a las partes, cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección, de estar la parte representada por abogado o abogada, la notificación se hará a la dirección que de éste o ésta surja del registro que a esos efectos lleve el Secretario o Secretaria del Tribunal Supremo. La parte peticionaria certificará el hecho de la notificación en la propia solicitud de *certiorari*. La fecha del depósito en el

correo se considerará como la fecha de la notificación a las partes. 4 LPRA AP. XXII-B, R. 33(B)

Es importante destacar que los requisitos de notificación no constituyen una mera formalidad procesal, sino que son parte integral del debido proceso de ley. A esos efectos, en el contexto particular de la presentación de recursos ante el Tribunal de Apelaciones, hemos comentado que la notificación es imperativa ya que coloca a la parte contraria en conocimiento del recurso que solicita la revisión de una decisión de un tribunal de menor jerarquía. *Soto Pino*, 189 DPR en la pág. 90. Véase, además, *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011).

Ahora bien, a pesar de la importancia de realizar una notificación correcta y oportuna, se consignó en la Regla 12.1 del *Reglamento* que:

> [l]as disposiciones sobre los requisitos de notificación a las partes y al tribunal y los de forma dispuestos en el Reglamento del Tribunal de Apelaciones de 1996, en las Reglas de Procedimiento Civil, Reglas de Procedimiento Criminal para los recursos de apelación, *certiorari* y de revisión judicial, deberán interpretarse de forma que se reduzcan al mínimo las desestimaciones de los recursos. Por causa justificada, deberá el Tribunal de Apelaciones proveer oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes. 4 LPRA Ap. XXII-B, R. 12.1.[2]

---

[2] Por su parte, y en lo pertinente, la Regla 2 del *Reglamento* dispone que:

> Estas reglas se interpretarán de modo que propicien un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía, que sea sensible a la realidad particular de los distintos componentes de nuestra sociedad, y que informe a la ciudadanía

A esos efectos, los requisitos de notificación no deben ser interpretados de forma inflexible. Véase *Rodríguez v. Sucn. Martínez*, 151 DPR 906, 913 (2000); *Rojas*, 150 DPR en la pág. 565. Recuérdese, además, que existe como principio rector en nuestro ordenamiento jurídico la idoneidad de que las controversias se atiendan en los méritos. Véase *Rodríguez*, 151 DPR en la pág. 913; 4 LPRA Ap. XXII-B, R. 2(3). Por tanto, la desestimación sólo se debe utilizar como último recurso en casos de "incumplimiento de algunas de las disposiciones del Reglamento del Tribunal de Circuito de Apelaciones, relativas a los recursos de apelación que no contienen requisitos jurisdiccionales o de cumplimiento estricto, cuyo incumplimiento impide se le dé seguimiento al recurso o que pueda ser atendido en los méritos". *S.L.G.*, 154 DPR en las págs. 110-111.

---

sobre sus derechos y responsabilidad, conforme a los propósitos dispuestos en la Ley de la Judicatura de 2003 […] A tales fines este reglamento está dirigido a:

1) Ofrecer acceso fácil, económico y efectivo al tribunal, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos.
2) . . . .
3) Implantar el principio rector de que las controversias judiciales se atiendan en los méritos y no se desestimen los recursos por defectos de forma o de notificación que no afecten los derechos de las partes. 4 LPRA AP. XXII-B, R. 2.

**B**

En lo pertinente, en *S.L.G. v. Mun. de Guaynabo*, 154 DPR 98 (2001), dispusimos inequívocamente -en cuanto al requisito de notificación- que "lo importante es que el escrito sea notificado con copia a la otra parte, dentro del plazo dispuesto por ley, independientemente del método que se utilice para ello". *S.L.G.*, 154 DPR en la pág. 107. A su vez, en *Pérez Soto v. Cantera Pérez, Inc*., 188 DPR 98 (2013), al enfrentarnos a una controversia prácticamente idéntica a la que nos ocupa, reiteramos este principio.

En *Pérez Soto*, se presentó ante el Tribunal de Apelaciones un recurso de apelación dentro del término jurisdiccional para ello y éste se notificó a las partes, a través de un servicio postal privado llamado *Postal Solutions*, el cual fungía como un *Commercial mail receiving agency* (CMRA). Las partes demandadas solicitaron la desestimación del recurso, tras argumentar que el matasellos del Servicio Postal de los Estados Unidos tenía una fecha posterior al término hábil para presentar el recurso. Así, pues, ya que *Postal Solutions* no era una "entidad equivalente al servicio postal federal y que el sello del comercio privado, indicando la fecha de 28 de mayo de 2011, no goza de la misma validez que el del USPS", las partes demandadas razonaron que la notificación se realizó a destiempo. *Pérez Soto, Inc.*, 188 DPR en la pág. 101.

Para disponer de esa controversia reconocimos que el Servicio Postal de los Estados Unidos ha concedido diversas facultades a negocios privados. Al así hacerlo, estos negocios se han convertido en parte esencial del funcionamiento del sistema postal. Por tanto, en *Pérez Soto* concluimos que la notificación realizada a través de negocios privados, siempre y cuando estén debidamente autorizados por el Servicio Postal para llevar a cabo servicios análogos, es válida para cumplir con los requisitos de notificación. Así, pautamos que la Regla 13 del *Reglamento* no podía estar sujeta a una interpretación restrictiva, pues ello "implicaría penalizar a las partes y a los abogados cuyos recursos y circunstancias les impidan realizar las gestiones necesarias para visitar una oficina de correo tradicional". *Id*. en la pág. 110.

**III**

En consideración a que los dos (2) señalamientos de error ante nuestra consideración están íntimamente relacionados, los discutiremos en conjunto.

Según reseñamos, la señora Montañez Leduc presentó ante el Tribunal de Apelaciones un recurso de *certiorari* el 17 de marzo de 2016 y una moción en auxilio de jurisdicción el 23 de marzo de 2016. Posteriormente, el 28 de marzo de 2016, el foro apelativo intermedio le ordenó que acreditara la notificación al señor Robinson Santana de ambos escritos.

El 29 de marzo de 2016, la señora Montañez Leduc compareció mediante una *Moción en cumplimiento de orden* a la cual anejó dos (2) *Domestic Return Receipts*. De éstos surge la fecha en que los representantes legales del señor Robinson Santana recibieron la notificación del recurso de *certiorari*; empero, no se puede constatar la fecha en que la notificación fue enviada. De otra parte, la señora Montañez Leduc admitió que no notificó la moción en auxilio de jurisdicción de forma simultánea, conforme lo requiere la Regla 79 del *Reglamento*. Respecto a ello, especificó que entendía "haberla notificado a las partes, pero por un malentendido entre las compañeras que representamos a la Sra. Montañez Leduc nos percatamos en la noche de ayer que no se les había notificado". *Apéndice*, Anejo 4, en la pág. 122.

En consideración a lo anterior, el 1 de abril de 2016, el Tribunal de Apelaciones desestimó ambos escritos. En cuanto al recurso de *certiorari*, el foro apelativo intermedio concluyó que la señora Montañez Leduc notificó el recurso fuera del término que confiere la Regla 33 del *Reglamento*. En particular, especificó que "[s]urge del rastreo del correo postal que la Peticionaria notificó a los representantes legales del Recurrido copia de su recurso, el 19 de marzo de 2016, es decir, al día siguiente de haber vencido el término de treinta (30) días para la presentación del mismo". *Nivia Montañez Leduc v. Alexander Robinson Santana*, KLCE201600433 en la pág. 7 (TAPR) (1 de

abril de 2016).[3] Además, destacó que la señora Montañez Leduc no presentó justa causa para la tardanza; por tanto, aunque el término era de cumplimiento estricto, no tenía discreción para extenderlo.

Ahora bien, la señora Montañez Leduc presentó una moción de reconsideración. En lo que nos concierne, ésta especificó que envió la notificación del recurso a la representación legal del señor Robinson Santana el 17 de marzo de 2016 a través de la Farmacia Puerta de Carolina, negocio privado que ofrece servicios de correo postal. A esos efectos, adujo que, conforme a la Regla 13 (B)(3) del *Reglamento*, se considera la fecha de notificación aquella que conste en el documento expedido por la empresa privada que demuestre la fecha en que se recibió el documento para ser entregado al destinatario.

Con tal de evidenciar el referido trámite, la señora Montañez Leduc anejó: dos (2) sellos denominados como *Priority Mail 1-Day*, con fecha de 17 de marzo de 2016, dirigidos a los representantes legales del señor Robinson Santana; el recibo de compra, provisto por la Farmacia Puerta de Carolina a las 9:17 p.m., para el franqueo de las comunicaciones; el *Product & Tracking Information*, impreso de usps.com, para cada una de las comunicaciones enviadas, y una certificación del Servicio Postal de Estados Unidos

---

[3] Surge del *Product & Tracking Information*, para ambas comunicaciones enviadas, las siguientes entradas realizadas el 19 de marzo de 2016: *Arrived at USPS Facility*, *Departed USPS Facility*, *Arrived at Post Office*, *Sorting Complete*, *Out for Delivery*, *Available for Pickup*. Apéndice, Anejo 7 y 8, en las págs. 150-150ᵃ.

en la que se reconoce que el negocio *The Mail Stop* está aprobado por el Servicio Postal como un *USPS approved shipper*.[4] No obstante, el Tribunal de Apelaciones denegó la reconsideración. Concluyó que la señora Montañez Leduc no acreditó que la Farmacia Puerta de Carolina constituyese un correo autorizado por el Servicio Postal.

Cabe destacar que, en su alegato en oposición, el señor Robinson Santana subrayó que la prueba anejada a la moción de reconsideración no se incluyó en la *Moción en cumplimiento de orden* en la que la señora Montañez Leduc estaba llamada a acreditar la notificación de los escritos presentados. A esos efectos, citó dos (2) precedentes de este Tribunal en los que se censura la práctica de incluir evidencia, que no estuvo ante la consideración de un foro recurrido, en alzada. Véase *P.N.P. v. Rodríguez Estrada, Pres. C.E.E.*, 123 DPR 1, 35-36 (1988); *Belmonte v. Mercado Reverón, Admor.*, 95 DPR 257, 263-264 (1967).

En primer lugar, es preciso aclarar que no estamos ante una situación análoga a las atendidas en los precedentes citados u otros en los que hemos reiterado el mismo principio. A saber, la evidencia presentada por la señora Montañez Leduc en su moción de reconsideración fue solicitada por el propio Tribunal de Apelaciones y se relaciona exclusivamente con incidencias procesales

---

[4] Es preciso señalar que no surge del expediente qué relación tiene *The Mail Stop* con la Farmacia Puerta de Carolina. Por tanto, no podemos utilizar esta certificación como evidencia acreditativa de que la Farmacia estaba debidamente autorizada para realizar servicios análogos a los del servicio postal.

ocurridas durante el trámite apelativo. Por tanto, la documentación en cuestión no constituye "evidencia en apelación". Así, pues, el razonamiento del señor Robinson Santana es inaplicable.

Ahora bien, este planteamiento bien puede examinarse en el contexto de las normas aplicables a la presentación y evaluación de una reconsideración. Recuérdese que el objetivo principal de la moción de reconsideración es proveer una oportunidad al tribunal para modificar sus dictámenes. Véase José Cuevas Segarra, *Tratado de Derecho Procesal Civil* 1373 Tomo IV (2011). En lo pertinente, hemos reconocido que al instar una moción de reconsideración se pueden presentar fundamentos que no hayan sido expuestos antes de dictarse una sentencia o resolución. Véase *Rivera v. Algarín*, 159 DPR 482, 489 (2003). Ahora bien, "no deben alegarse nuevos hechos que no han sido considerados por el tribunal al dictar la resolución cuya reconsideración se pide, a menos que se expresen razones poderosas que constituyan una excusa razonable para no haberlo hecho antes". *Cividanes v. López Acosta, Juez de Distrito*, 22 DPR 79 (1915). Véase, además, Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil* 394 (2010). De otra parte, anteriormente, hemos reconocido la discreción de un tribunal sentenciador de evaluar prueba presentada mediante una moción de reconsideración en casos particulares sobre daños y perjuicios en que se tenga que determinar los límites de una póliza de seguro para efectos

de satisfacer la concesión de daños dictada mediante sentencia. Véase *Díaz Ayala et al. v. ELA*, 153 DPR 675, 698-700 (2001).

En este caso, la señora Montañez Leduc alegó, en cuanto presentó la *Moción en cumplimiento de orden*, que notificó a la representación legal del señor Robinson Santana la presentación del recurso de *certiorari*. Ciertamente, ésta debió haber presentado -desde ese momento- la prueba tendente a demostrar la fecha de notificación y no aquella que sólo reflejara la fecha de recibo de la notificación. Ahora bien, ante los hechos particulares de este caso, en consideración a que la prueba versa sobre alegaciones que realizó la señora Montañez Leduc desde que presentó la referida *Moción* y que el asunto a ser evidenciado incidía sobre la jurisdicción del tribunal, concluimos que ésta podía presentar la prueba en cuestión y el Tribunal de Apelaciones, tal y como lo hizo, podía examinarla para evaluar la procedencia de la reconsideración.

Para disponer de esta controversia, en primer lugar, nos corresponde determinar si la Farmacia Puerta de Carolina es un negocio debidamente autorizado por el Servicio Postal de Estados Unidos para realizar servicios análogos a los del servicio postal.[5] Evidentemente, al

---

[5] Si bien es cierto que nuestro dictamen en *Pérez Soto* se contextualizó en la Regla 13 del *Reglamento* -la cual dispone particularmente sobre los recursos de apelación-, concluimos que lo ahí resuelto aplica igualmente a las

enfrentarnos a esta interrogante en *Pérez Soto* contamos con una prueba muy distinta a la que surge del expediente en el caso ante nuestra consideración. A saber, en esa ocasión se presentaron dos (2) declaraciones juradas, una suscrita por el peticionario y otra por parte del dueño de *Postal Solutions*, en la que se declaró que el negocio privado estaba debidamente autorizado por el Servicio Postal de los Estados Unidos para realizar las referidas funciones. Además, se incluyó una carta del Servicio Postal mediante la cual se certificó que *Postal Solutions* tenía las certificaciones necesarias para operar como un *Commercial mail receiving agent*.

Ahora bien, es preciso notar que en *Pérez Soto* no realizamos pronunciamiento alguno que nos lleve a concluir que la única forma de evidenciar la autoridad, delegada por el Servicio Postal de Estados Unidos, de un negocio privado para realizar funciones análogas a los del Servicio Postal es a través de la presentación de declaraciones juradas o certificaciones del Servicio Postal. Si bien una certificación a esos efectos sería la prueba idónea, somos del criterio que el análisis sobre la suficiencia de la prueba para evidenciar este hecho debe realizarse caso a caso. Concluir de otra forma sería contrario a nuestros pronunciamientos respecto a la interpretación flexible de las reglas de notificación.

---

disposiciones correspondientes a la notificación de los recursos de *certiorari* conforme a la Regla 33.

Al evaluar el expediente, concluimos que se evidenció -mediante prueba circunstancial- que la Farmacia Puerta de Carolina estaba autorizada por el Servicio Postal de los Estados Unidos para ofrecer ciertos productos y servicios postales. A esos efectos, según comentamos, la señora Montañez Leduc adquirió de la Farmacia productos oficiales del Servicio Postal, a saber, sellos denominados como *Priority Mail 1-Day*. De otra parte, surge del *Product & Tracking Information*, el cual fue impreso del portal electrónico oficial del Servicio Postal, el registro de los sellos comprados para cada comunicación mediante una entrada denominada como *Shipping label created*. Por último, se puede constatar en este documento, al igual que de los *Domestic Return Receipts*, que las referidas comunicaciones llegaron a los representantes legales del señor Robinson Santana. Por tanto, concluimos que la Farmacia figuró como un intermediario del Servicio Postal que dio paso a la primera etapa del proceso de envío de las comunicaciones en cuestión.

Resuelto lo anterior, resta por determinar si la señora Montañez realizó la notificación dentro del término dispuesto en la Regla 33 del Reglamento. Según reseñamos, esta disposición establece que la fecha de notificación será aquella en la cual se haya depositado en el correo. Ciertamente, en función de nuestra decisión en *Pérez Soto*, la fecha de depósito en negocios privados, debidamente autorizados para enviar correspondencia por el Servicio

Postal de los Estados Unidos, debe ser aquella donde el remitente entrega la comunicación a ser enviada y paga la cuantía correspondiente para realizar el envío.

Surge del expediente que la señora Montañez Leduc adquirió de la Farmacia Puerta de Carolina, a las 9:17 p.m. del 17 de marzo de 2016, los sellos con los que envió a la representación del señor Robinson Santana la notificación del recurso de *certiorari*. Por otro lado, según comentamos, del *Product & Tracking Information* surge una entrada denominada como *Shipping label created* en la que se especificó que se crearon etiquetas de envío para las comunicaciones en cuestión a las 9:18 p.m. y 9:21 p.m., el 17 de marzo de 2016, en el pueblo de Carolina, Puerto Rico.

En consideración a lo anterior, concluimos que la señora Montañez Leduc notificó el recurso de *certiorari* en cuestión de forma oportuna. A saber, utilizó la Farmacia Puerta de Carolina, negocio debidamente autorizado por el Correo Postal de los Estados Unidos para ofrecer productos y servicios postales, para realizar la notificación. Además, realizó el depósito de las notificaciones dentro del término de treinta (30) días, así cumpliendo con las disposiciones de la Regla 33 del *Reglamento*.

Ciertamente, la señora Montañez Leduc erró al sólo incluir en la *Moción en cumplimiento de orden* copia de los dos (2) *Domestic Return Receipts*. Ello, pues según la discusión que antecede, la fecha que el Tribunal de Apelaciones tiene que constatar es aquella en la que se

hizo la notificación, no la fecha en que la otra parte recibió la misma. Ahora bien, la señora Montañez Leduc, mediante la moción de reconsideración, probó que la notificación se realizó oportunamente según alegó en la *Moción en cumplimiento de orden*. Así pues, el Tribunal de Apelaciones, en efecto, tenía jurisdicción para considerar el recurso presentado por la señora Montañez Leduc.

Por tanto, concluimos que erró el Tribunal de Apelaciones al desestimar el recurso de *certiorari* tras concluir que la señora Montañez Leduc notificó tardíamente su presentación. Asimismo, erró el foro apelativo intermedio al concluir que ésta, al presentar la moción de reconsideración, no acreditó que la Farmacia Puerta de Carolina era un negocio debidamente autorizado por el Servicio Postal de los Estados Unidos para enviar correspondencia.

En consideración a lo anterior, se revoca -en parte- la *Resolución* emitida por el Tribunal de Apelaciones el 1 de abril de 2016 respecto a denegar el recurso de *certiorari* presentado por la señora Montañez Leduc por falta de notificación a la parte contraria al amparo de la Regla 33 del *Reglamento*.[6] Se devuelve el caso al foro

---

[6] Se hace constar que la determinación del Tribunal de Apelaciones respecto a la desestimación de la moción en auxilio de jurisdicción presentada por la señora Montañez Leduc, el 23 de marzo de 2017, no fue cuestionada en el recurso de *certiorari* ante nuestra consideración. Por ende, se mantiene inalterada la *Resolución* del foro apelativo intermedio respecto a este particular.

apelativo intermedio para la continuación de los procedimientos de conformidad con lo aquí dispuesto.

Se dictará sentencia de conformidad.

Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Nivia Montañez Leduc<br><br>Peticionaria<br><br>v.<br><br>Alexander Robinson Santana<br><br>Recurrido | **Núm.** CC-2016-0412 |

SENTENCIA

San Juan, Puerto Rico, a 29 de junio de 2017

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, se revoca -en parte- la *Resolución* emitida por el Tribunal de Apelaciones el 1 de abril de 2016 respecto a denegar el recurso de *certiorari* presentado por la señora Montañez Leduc por falta de notificación a la parte contraria al amparo de la Regla 33 del *Reglamento*. Se devuelve el caso al foro apelativo intermedio para la continuación de los procedimientos de conformidad con lo aquí dispuesto.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo