ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ROLANDO MARTELL BARTOLOMEY<br>RECURRENTE<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br>RECURRIDO | KLRA202400021 | Revisión Judicial<br><br>Núm. 118471 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de febrero de 2024.

Comparece ante nosotros, por derecho propio, el señor Rolando Martell Bartolomey (Sr. Martell Bartolomey) mediante *Revisión Judicial.* En su recurso, el Sr. Martell Bartolomey parece solicitar la revisión de un dictamen de la Junta de Libertad Bajo Palabra el cual presuntamente le denegó recibir tal beneficio debido a que la vivienda propuesta no es viable.

Adelantamos que, luego de examinar el recurso, resolvemos ordenar su desestimación por carecer de jurisdicción para entender sobre el asunto. Veamos.

**I.**

El Sr. Martell Bartolomey presentó ante esta Curia el recurso de epígrafe. Lo anterior, sin anejar una copia del dictamen de la Junta Bajo Palabra del cual recurre, ni de los demás documentos que forman parte del expediente original ante dicha agencia.

En virtud de la Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5), optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho".

Número Identificador

SEN2024_____

## II.

### A. La jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. Estado Libre Asociado de Puerto Rico y otros,* 2023 TSPR 105, resuelto el 1 de septiembre de 2023. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).

Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 503 (2019). Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Íd.,* pág. 500.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves,* 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Torres Alvarado v. Madera Atiles,* supra.

### B. Perfeccionamiento de los recursos de revisión ante el Tribunal de Apelaciones

Para lograr el perfeccionamiento adecuado de un recurso presentado ante este foro apelativo intermedio es necesaria la oportuna presentación y notificación del recurso a las partes

contrarias. *Metro Senior v. AFV*, 209 DPR 203 (2022). Lo anterior, puesto que, la falta de una oportuna notificación a todas las partes en el litigio conlleva la desestimación del recurso. *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1071 (2019). Ello, por razón de que, un recurso que no se notifique a todas las partes, priva de jurisdicción al Tribunal para ejercer su facultad revisora. *Íd.*

Como vemos, la inobservancia de las reglas de los foros apelativos puede imposibilitar la revisión judicial. *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017). De manera que, las disposiciones reglamentarias que gobiernan el perfeccionamiento de los recursos apelativos deben acatarse rigurosamente, sin dejar su cumplimiento al arbitrio de las partes o sus abogados. *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 590 (2019).

Sobre este tema, la Regla 59 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59, establece los requisitos para lograr el perfeccionamiento de los recursos de revisión judicial en términos de su contenido. Particularmente con respecto al apéndice, la citada Regla 59 exige que incluya "toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión."

Por otro lado, el Art. 4.006 de la Ley de la Judicatura de 2003, Ley Núm. 201-2003, establece que el Tribunal de Apelaciones tendrá competencia para revisar las decisiones de las agencias administrativas. Véase, *ORIL v. El Farmer, Inc.*, 204 DPR 229 (2020). A tenor con lo anterior, la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9672, dispone que:

> [u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la

fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.
[...]

Además, la antes citada Sección 4.2 de la LPAU requiere que la parte que recurra de una orden o resolución final de una agencia administrativa notifique la presentación de su solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar la revisión. De igual manera, la Regla 58(B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 58(B)(1), establece como requisito para el perfeccionamiento adecuado del recurso que la parte recurrente notifique de la presentación de su solicitud de revisión "a los abogados o abogadas de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al funcionario administrativo o funcionaria administrativa de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo éste un término de cumplimiento estricto."

El Tribunal Supremo ha expresado que "los requisitos de notificación no constituyen una mera formalidad procesal, sino que son parte integral del debido proceso de ley". *Montañez Leduc v. Robinson Santana, supra,* pág. 551. A esos efectos, nuestro más Alto Foro ha resuelto que, en el contexto particular de la presentación de recursos ante el Tribunal de Apelaciones, la notificación es imperativa puesto que informa a la parte contraria del recurso de revisión presentado. *Íd.* Al mismo tiempo, la notificación adecuada, otorga a las personas cuyos derechos pudieran verse transgredidos, una mayor oportunidad de determinar si ejercen o no los remedios que le han sido concedidos por ley. *HRS Erase v. CMT,* 205 DPR 689, 697 (2020). Es por ello, que, la falta de una notificación adecuada trastoca las garantías del debido proceso de ley. *Íd.*

Análogamente, la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57, dispone que, la falta de oportuna notificación a todas las partes en el litigio priva de

jurisdicción al Tribunal para ejercer su facultad revisora.[1] Puntualizamos que, cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank*, supra, pág. 386. A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción.

**III.**

Como asunto umbral, nos corresponde auscultar nuestra jurisdicción previo a ejercer la función revisora que se nos delegó. Conforme al Reglamento del Tribunal de Apelaciones, *supra*, y a la jurisprudencia aplicable antes citada, los recursos de revisión judicial instados ante esta Curia tienen que estar acompañados de un apéndice que contenga todos los documentos que resultan esenciales para ejercer nuestra función revisora. De igual manera, la Regla 58 de nuestro Reglamento, *supra*, requiere que tanto el recurso de revisión judicial incoado como sus anejos sea notificado a todas las partes del pleito, dentro del término dispuesto para su presentación. De lo contrario, el recurso no se perfecciona y no adquirimos jurisdicción sobre el mismo.

Al examinar con detenimiento el expediente ante nuestra consideración observamos que, el Sr. Martell Bartolomey no dio cumplimiento a los requisitos de forma y contenido para el perfeccionamiento de su recurso, según establece la Regla 59 del Reglamento del Tribunal de Apelaciones, *supra.* Particularmente, el Sr. Martell Bartolomey no anejó una copia del dictamen del cual recurre. Tampoco incluyó una copia de la moción que presuntamente le denegó la Junta de Libertad Bajo Palabra y demás

---

[1] Véase, además, *González Pagán v. SLG Moret-Brunet, supra.*

documentos que forman parte del expediente original. Añádase a ello que, ha transcurrido mayor término a lo dispuesto en la Regla 59(E)(2) de nuestro Reglamento, supra, para completar el apéndice con posterioridad a la presentación del recurso. Por último, el Sr. Martell Bartolomey no acreditó haber notificado a la Junta de Libertad Bajo Palabra sobre la presentación de su recurso de revisión, como garantía de su debido proceso de ley.

Puntualizamos que, las referidas omisiones son requisitos reglamentarios para el perfeccionamiento del recurso ante esta Curia e inciden sobre nuestra autoridad para revisar los méritos del recurso de epígrafe. Por todo lo anterior, carecemos de jurisdicción para atender el presente recurso, según presentado.

**IV.**

Por los fundamentos antes expuestos, ordenamos la desestimación del recurso del Sr. Martell Bartolomey, por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones