ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| EMILIANO V. BADILLO BADILLO<br>RECURRENTE<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>RECURRIDO | KLRA202400427 | *Revisión Administrativa* |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 22 de agosto de 2024.

Comparece ante esta Curia, por derecho propio, el Sr. Emiliano Badillo Badillo (Sr. Badillo o recurrente).[1] Colegimos de su recurso que solicita que ordenemos al Departamento de Corrección y Rehabilitación (DCR) y a la Junta de Libertad Bajo Palabra (JLBP) enmendar la reglamentación atinente a las bonificaciones por buena conducta, trabajo, estudio y servicio.

Adelantamos que, luego de examinar el recurso, resolvemos desestimarlo por falta de jurisdicción. Veamos.

### I.

Se desprende del recurso del Sr. Badillo que, cumple una sentencia de confinamiento por infringir la Ley de Armas de Puerto Rico. A pesar de que el recurrente no incluyó en su recurso un señalamiento de error, ni obra en el expediente ante esta Curia una copia del dictamen impugnado, este hizo constar en la súplica de su

---

[1] Hacemos constar que el epígrafe del recurso del Sr. Badillo lee: *El Pueblo de Puerto Rico v. Emiliano Badillo Badillo,* haciendo referencia a un caso criminal. No obstante, la Secretaría de este Tribunal acogió el mismo como un Recurso de Revisión Administrativa otorgándole la numeración alfanumérica correspondiente.

Número Identificador

SEN2024_____

recurso que solicita que ordenemos al DCR y a la JLBP adoptar o enmendar la reglamentación vigente sobre las bonificaciones por buena conducta, trabajo, estudio y servicio.

Hemos examinado con detenimiento el recurso sometido por el recurrente. Optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(b)(5).

## II.

### A. La jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio de 2024. Es por ello, que, la falta de jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020). De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Íd.*

Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico,* 2024 TSPR 24, resuelto el 13 de marzo de 2024. En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, sin poseer

discreción para asumirla donde no la hay. *FCPR v. ELA et al.*, 211 DPR 521 (2023).

A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). A causa de ello, cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo, conforme a lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022); *Allied Mgmt. Group v. Oriental Bank,* supra.

Como se sabe, el Art. 4.006 de la Ley de la Judicatura de 2003, Ley Núm. 201-2003, establece que el Tribunal de Apelaciones tendrá competencia para revisar las decisiones de las agencias administrativas. Véase, *ORIL v. El Farmer, Inc.*, 204 DPR 229, (2020). A tenor con lo anterior, en lo que resulta pertinente a la controversia ante nos, la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9672, dispone que:

> [u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. […]

Cónsono con lo anterior, la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57, establece un término jurisdiccional de treinta (30) días para recurrir ante esta Curia de una orden o resolución final de una agencia u organismo administrativo.

### B. Perfeccionamiento de los recursos ante el Tribunal de Apelaciones

Como requisito para el perfeccionamiento adecuado de un recurso de revisión, la Sección 4.2 de la LPAU, *supra,* requiere que, la parte que recurra de una orden o resolución final de una agencia administrativa notifique la presentación de su solicitud de revisión a la agencia y a todas las partes, dentro del término para solicitar la revisión. Análogamente, la Regla 58(B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 58(B)(1), exige para el perfeccionamiento adecuado de los recursos de revisión que, la parte recurrente notifique de la presentación de su recurso "[…] a la agencia o al funcionario administrativo o funcionaria administrativa de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo éste un término de cumplimiento estricto."

Es necesario enfatizar que, la ausencia de una oportuna notificación, que cumpla con la normativa antes reseñada, conlleva la desestimación del recurso. *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1071 (2019). El Tribunal Supremo ha expresado que, "los requisitos de notificación no constituyen una mera formalidad procesal, sino que son parte integral del debido proceso de ley". *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 551 (2017).

De otra parte, la Regla 59 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59, establece los requisitos para lograr el perfeccionamiento de los recursos de revisión judicial en términos de su contenido. En lo pertinente, el recurso debe señalar los errores que el recurrente imputa al organismo administrativo recurrido y una breve discusión de cada uno de ellos. Regla 59(C)(1), subincisos (e) y (f) del Reglamento del Tribunal de Apelaciones.

Además, la Regla 59(E)(1) del citado Reglamento requiere que, el apéndice del recurso de revisión incluya "[t]oda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión."[2] De igual manera, el

---

[2] Regla 59(E)(1)(d) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59(E)(1)(d).

recurrente deberá incluir en el apéndice de su recurso cualquier documento que forme parte del expediente administrativo y que guarde relación con los asuntos planteados en su recurso.[3]

Cabe destacar que, el incumplimiento con las reglas de los tribunales apelativos puede impedir la revisión judicial. Véase, *Montañez Leduc v. Robinson Santana*, supra, págs. 549-550. Así, las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 590 (2019). A esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción.

### III.

Antes de ejercer nuestra función revisora, precisa auscultar si esta Curia goza de jurisdicción para entender en el presente asunto. Según la normativa previamente discutida, cuando una parte solicita la revisión judicial de un dictamen administrativo debe perfeccionar su recurso conforme a las leyes o reglamentos aplicables, de manera que, esta Curia adquiera jurisdicción sobre la controversia en cuestión.

Tal cual expusimos en el tracto procesal, el Sr. Badillo suplica en su recurso que ordenemos al DCR y a la JLBP enmendar los reglamentos concernientes a las bonificaciones por buena conducta, trabajo, estudio y servicio. Inferimos de su petitorio que, el recurrente entiende ser elegible a bonificaciones como parte de su programa de rehabilitación. Sin embargo, no surge del expediente ante nuestra consideración que el Sr. Badillo haya presentado su reclamo de bonificaciones primariamente ante la División de Remedios Administrativos del DCR, organismo con autoridad para

---

[3] Regla 59(E)(1)(f) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59(E)(1)(f).

conceder rebajas al término de una sentencia, por concepto de bonificaciones de buena conducta y asiduidad. Tampoco se colige del expediente que dicha agencia haya emitido alguna determinación a esos efectos, tal cual lo exige la Sección 4.2 de la LPAU, *supra,* previo a esta Curia adquirir jurisdicción.

De otra parte, el Sr. Badillo incumplió los requisitos de forma y contenido para perfeccionar su recurso, a tenor de la Regla 59 de nuestro Reglamento, *supra.* Particularmente, no incluyó señalamientos de error y omitió en el apéndice de su recurso una copia del dictamen del DCR a revisar y de los demás documentos que forman parte del expediente original ante el organismo administrativo. Ello nos impide acreditar nuestra jurisdicción y estar en posición de evaluar la corrección de la determinación del DCR. Consecuentemente, esta Curia carece de jurisdicción para atender el recurso de epígrafe, según presentado.

## IV.

Por los fundamentos antes expuestos, desestimamos el recurso por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Barresi Ramos concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones