ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| JOSÉ M. RODRÍGUEZ ROMÁN **RECURRENTE** v. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN **RECURRIDA** | KLRA202400501 | Revisión administrativa procedente de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación Sobre: BONIFICACIONES |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 1ro de octubre de 2024.

### I.

Comparece ante nos, por derecho propio, José M. Rodríguez Román (señor Rodríguez), mediante el presente recurso intitulado *Moción de Apelación de Acuerdo del Comité de Clasificación y Tratamiento*. En síntesis, señaló que recibió un comunicado por parte del Comité de Clasificación y Tratamiento del Departamento de Corrección y Rehabilitación (DCR) en referencia a cambios en los acuerdos de bonificación preestablecidos por el Comité los días 31 de marzo de 2023, 7 de julio de 2023 y 23 de enero de 2024. Por otra parte, alegó que la tabla de liquidación de sentencia tiene un error y el DCR le adeuda un total de cuatrocientos treinta y cuatro (434) días en bonificaciones. Por último, solicitó un plan de desvío a discreción del Tribunal.

Por los fundamentos que detallamos a continuación, nos vemos obligados a desestimar el recurso por falta de jurisdicción.

### II.

Nuestro ordenamiento jurídico reconoce el derecho de los ciudadanos a solicitar revisión de las decisiones de un organismo

Número Identificador

RES2024_____

inferior. Sin embargo, ese derecho está sujeto a las limitaciones legales y reglamentarias pertinentes. Una de esas limitaciones es el correcto perfeccionamiento de los recursos. El Tribunal Supremo de Puerto Rico ha dejado claro que las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos tienen que observarse rigurosamente. Por esa razón, su cumplimiento no puede quedar al arbitrio de las partes o de sus abogados. *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019).

En *Montañez Leduc v. Robinson Santana,* 198 DPR 543, 544, 549-551 (2017), nuestro más Alto Foro local enfatizó que el incumplimiento con las reglas de los tribunales apelativos puede impedir la revisión judicial.

La Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone que el término para apelar una orden o resolución en un caso de revisión administrativa es de treinta (30) días, a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Dicho término es jurisdiccional.

A su vez, la Regla 59 del Reglamento, *supra,* resulta en extremo pertinente para atender este recurso, pues versa sobre el contenido del recurso de revisión administrativa. Así dispone lo siguiente:

El escrito de revisión contendrá:

[…]

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso

administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[…]

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

… 4 LPRA Ap. XXII-B.

## III.

El craso incumplimiento del señor Rodríguez con las disposiciones reglamentarias que gobiernan el perfeccionamiento de los recursos, nos obliga a ordenar la desestimación. El recurrente no incluyó en su recurso una referencia a la decisión, reglamento o providencia administrativa cuestionada. Tampoco incluyó un solo señalamiento de error, ni discusión alguna que, en aras de atender este recurso, podamos hilvanar para entender lo que se nos solicita. Ni siquiera tenemos claro cuál es la providencia judicial requerida. Menos aún, tenemos ante nosotros un apéndice detallado que nos permita acreditar las gestiones que se hicieron ante el foro administrativo y de esa manera, tan siquiera, constatar nuestra propia jurisdicción para atender el asunto.

En fin, el craso incumplimiento del señor Rodríguez Román no nos permite otro remedio. La ausencia de un escrito de revisión administrativa que permita la comprensión de los asuntos traídos ante nuestra consideración, muy particularmente, la carencia de un señalamiento de error detallado, sustentado con una base de hechos y derecho, nos imposibilita ejercer nuestra autoridad.

## IV.

Por los fundamentos expresados, se desestima el recurso, ante el craso incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones