Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EDGAR OLIVERA OLÁN | | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez |
|---|---|---|
| Peticionario | | |
| v. | KLCE202300631 | |
| | | Caso número: MZ2020RF00244 |
| SANDRA DESARDÉN PÉREZ | | |
| Recurrida | | Sobre: Divorcio (R/I) |

Panel integrado por su presidenta, la juez Domínguez Irizarry, la juez Rivera Marchand y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# S E N T E N C I A

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece el Sr. Edgar Olivera Olán (señor Olivera Olán o el apelante), y solicita la revocación de la *Resolución* emitida y notificada el 4 de mayo de 2023, por el Tribunal de Primera Instancia, Sala de Mayagüez (TPI o foro primario). Mediante la referida Resolución, el foro primario declaró *No Ha Lugar* la *Moción de Reconsideración y la Moción Informando Cambio de Condición Económica y Solicitud de Revisión de Pensión Alimentaria* presentada por el señor Olivera Olán.

Por los fundamentos que exponemos a continuación, acogemos el recurso presentado por el señor Olivera Olán como una Apelación y resolvemos desestimarlo por falta de jurisdicción.

I

En el recurso de epígrafe, el apelante interesa la revocación de la *Resolución* sobre alimentos emitida el 4 de mayo de 2023, por el TPI, tras acoger el *Informe Especial de la Examinadora de Pensiones Alimentarias* emitido el 3 de mayo de 2023, que recomendó denegar la solicitud de revisión de pensión alimentaria presentada por el señor Olivera Olán. Mediante el dictamen apelado, el TPI declaró *No Ha Lugar* la *Moción de*

*Reconsideración y la Moción Informando Cambio de Condición Económica y Solicitud de Revisión de Pensión Alimentaria* presentada por el apelante.

Como cuestión de umbral, procedemos a auscultar nuestra jurisdicción para atender el recurso presentado por el señor Olivera Olán el 5 de junio de 2023.

II

A.

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Allied Mgmt Group v. Oriental Bank,* 204 DPR 374, 385 (2020). Es por ello, que, la falta de jurisdicción de un tribunal directamente incide sobre el poder para adjudicar una controversia. *Íd.* Por tanto, la falta de jurisdicción conlleva varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal ni puede este arrogársela; la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Íd.*

Es doctrina reiterada que los tribunales deben ser celosos guardianes de su jurisdicción sin poseer discreción para asumirla donde no la tienen. *Íd.* Por ello, es norma reiterada que las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *JMG Investment v. ELA et al.,* 203 DPR 708*, 714 (2019). Véase, además, Torres Alvarado v. Madera Atiles, 202 DPR 495 (2019).*

Cuando un tribunal determina que carece de jurisdicción para intervenir, procede la inmediata desestimación del recurso a tenor con las leyes y reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt Group v. Oriental Bank,* supra. En ese sentido, los foros adjudicativos habrán de examinar tanto su propia jurisdicción como la del foro de donde proviene el recurso ante su consideración. *Íd.* Conforme a ello, la

Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción.

B.

Nuestro ordenamiento jurídico reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior. *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 589-590 (2019). Sin embargo, este derecho está sujeto al cumplimiento de las disposiciones legales y reglamentarias pertinentes, entre ellas, su perfeccionamiento. *Isleta v. Inversiones Isleta Marina*, 203 DPR, a las págs. 589-590.

La norma prevaleciente dispone que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). En consecuencia, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente para colocar a los tribunales apelativos en posición de ejercer correctamente su función revisora. *Isleta v. Inversiones Isleta Marina,* 203 DPR, a la pág. 590.

En nuestro sistema judicial, existe una clara política pública a favor de que las controversias se atiendan en sus méritos. *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 552 (2017). Cónsono con ello, el Tribunal Supremo de Puerto Rico ha reiterado que las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos "deben interpretarse de forma que propicien un sistema de justicia accesible a la ciudadanía; que las controversias se atiendan en los méritos y que se reduzca el número de recursos desestimados por defectos de forma o notificación que no afecten los derechos de las partes". *Isleta v. Inversiones Isleta Marina,* 203 DPR, a la pág. 590.

Ahora bien, el requisito de notificación a las partes es un componente integral del debido proceso de ley, "ya que coloca a la parte contraria en conocimiento del recurso que solicita la revisión de una

decisión de un tribunal de menor jerarquía". *Montañez Leduc v. Robinson Santana*, 198 DPR, a la pág. 551.

En lo pertinente, la Regla 14(B) del Reglamento de este Tribunal establece que:

> [d]e presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, **la parte apelante deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de la presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada**, dentro de las **setenta y dos horas (72)** siguientes a la presentación del escrito de apelación. **Este término será de cumplimiento estricto**.

4 LPRA Ap. XXII-B, R. 14(B). (Énfasis suplido).

En ese sentido, al ser el término de notificación un término de cumplimiento estricto y no jurisdiccional, su incumplimiento no conlleva, automáticamente, la desestimación del recurso. *Montañez Leduc v. Robinson Santana*, 198 DPR, a la pág. 550. Es norma reiterada que los tribunales pueden extender un término de cumplimiento estricto. No obstante, "para prorrogar un término de cumplimiento estricto 'generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, **presente justa causa por la cual no puede cumplir con el término establecido**'". *Soto Pino v. Uno Radio Group*, 189 DPR, a la pág. 92; citando a *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012). (Énfasis suplido).

A esos efectos, la falta de notificación al foro primario o a las partes sobre la presentación de un recurso apelativo en el término requerido, sin haber acreditado cabalmente justa causa, incide en la jurisdicción del tribunal. *Isleta v. Inversiones Isleta Marina,* 203 DPR, a la pág. 591. Consecuentemente, "**si se suscita un incumplimiento sin justa causa, necesariamente procede la desestimación del recurso presentado**". *Montañez Leduc v. Robinson Santana*, 198 DPR, a la pág. 551. (Énfasis nuestro).

Por su parte, la Regla 83 (B) y (C) del Reglamento de este Tribunal de Apelaciones nos confiere autoridad para desestimar un recurso por cualquiera de las siguientes circunstancias:

Regla 83 – Desistimiento y desestimación

.        .        .        .        .        .        .        .

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1)  que el Tribunal de Apelaciones carece de jurisdicción;

.        .        .        .        .        .        .        .

(C) **El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.**

.        .        .        .        .        .        .        .

4 LPRA Ap. XXII-B, R. 83. (Énfasis suplido).

III

Examinado el recurso presentado por el señor Olivera Olán, concluimos que carecemos de autoridad para entender en los méritos de este. Esto, pues el apelante omitió notificar al foro primario la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de la presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada, dentro de las setenta y dos (72) horas siguientes a la presentación del escrito de apelación, sin haber acreditado justa causa para ello.

La ausencia de justa causa para el incumplimiento del señor Olivera Olán con dicho requisito de cumplimiento estricto contemplado en la Regla 14(B) de nuestro Reglamento, priva de jurisdicción a este Tribunal de Apelaciones para atender el recurso presentado por el apelante.

En consecuencia, este Tribunal se ve impedido de entrar a considerar los méritos de la Resolución emitida el 4 de mayo de 2023 por el TPI, toda vez que carecemos de jurisdicción a esos efectos, por lo que estamos obligados a desestimarlo.

IV

Por los fundamentos anteriormente expuestos, desestimamos el recurso presentado por el apelante por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones