ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JIMMY CALDERÓN RIJOS<br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACION<br>RECURRIDO | KLRA202400163 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de abril de 2024.

Comparece ante esta Curia, por derecho propio, el Sr. Jimmy Calderón Rijos (Sr. Calderón Rijos o recurrente). Colegimos de su recurso que solicita que dejemos sin efecto un dictamen del Departamento de Corrección y Rehabilitación (DCR) relacionado a una querella disciplinaria instada en su contra.

Adelantamos que, luego de examinar el recurso, resolvemos desestimarlo por falta de jurisdicción. Veamos.

**I.**

Se desprende del recurso del Sr. Calderón Rijos que fue objeto de una querella de incidente disciplinario por infringir la Regla 15, Código 106, del Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional (Reglamento Núm. 9221), sobre contrabando peligroso. Podemos inferir de su recurso de revisión que, el recurrente fue también objeto de una prueba de campo, producto de lo cual, presuntamente arrojó negativo a sustancias controladas.

A pesar de que no obra en el expediente ante esta Curia una copia de la referida querella ni del dictamen recurrido podemos

colegir que, el DCR lo halló incurso en la violación imputada en la querella. Es de notar que, el Sr. Calderón Rijos no incluyó en su recurso señalamientos de error. Sin embargo, inferimos que solicita nuestra intervención para que revisemos el dictamen del DCR.

Cabe señalar que, el Sr. Calderón Rijos imputó al DCR haber violentado su debido proceso de ley al incumplir con la Regla 6(A) del Reglamento Núm. 9221 y omitir en la querella objeto de este recurso su número de miembro de la población correccional, entre otros alegados datos.

Hemos examinado con detenimiento el recurso sometido por el apelante. Optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(b)(5).

## II.

### A. La jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico,* 2024 TSPR 24, resuelto el 13 de marzo de 2024. Es por ello, que, la falta de jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020). De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Íd.*

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. Oficina de Gerencia Permisos del Departamento de Desarrollo Económico y Comercio de Puerto Rico y otros*, 2023 TSPR 26, resuelto el 14 de marzo de 2023. A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). A causa de ello, cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo, conforme a lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. *Cobra Acquisitions, LLC v. Municipio de Yabucoa y otros,* 2022 TSPR 104, resuelto el 15 de agosto de 2022; *Allied Mgmt. Group v. Oriental Bank,* supra.

Como se sabe, el Art. 4.006 de la Ley de la Judicatura de 2003, Ley Núm. 201-2003, establece que el Tribunal de Apelaciones tendrá competencia para revisar las decisiones de las agencias administrativas. Véase, *ORIL v. El Farmer, Inc.*, 204 DPR 229, (2020). A tenor con lo anterior, en lo que resulta pertinente a la controversia ante nos, la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9672, dispone que:

> [u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. [...]

Cónsono con lo anterior, la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57, establece un término jurisdiccional de treinta (30) días para recurrir ante esta Curia de una orden o resolución final de una agencia u organismo administrativo.

**B. Perfeccionamiento de los recursos ante el Tribunal de Apelaciones**

Como requisito para el perfeccionamiento adecuado de un recurso de revisión, la Sección 4.2 de la LPAU, *supra,* requiere que la parte que recurra de una orden o resolución final de una agencia administrativa notifique la presentación de su solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar la revisión. Análogamente, la Regla 58(B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 58(B)(1), exige para el perfeccionamiento adecuado de los recursos de revisión que, la parte recurrente notifique de la presentación de su recurso "[…] a la agencia o al funcionario administrativo o funcionaria administrativa de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo éste un término de cumplimiento estricto."

Precisa enfatizar que, la ausencia de una oportuna notificación que cumpla con la normativa antes reseñada conlleva la desestimación del recurso. *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1071 (2019). El Tribunal Supremo ha expresado que "los requisitos de notificación no constituyen una mera formalidad procesal, sino que son parte integral del debido proceso de ley". *Montañez Leduc v. Robinson Santana, supra*, pág. 551.

De otra parte, la Regla 59 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59, establece los requisitos para lograr el perfeccionamiento de los recursos de revisión judicial en términos de su contenido. En lo pertinente, el recurso debe señalar los errores que el recurrente imputa al organismo administrativo recurrido y una breve discusión de cada uno de ellos. Regla 59(C), incisos (e) y (f) del Reglamento del Tribunal de Apelaciones.

Además, la Regla 59(E) del citado Reglamento requiere que, el apéndice del recurso de revisión incluya "[t]oda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión."[1] De igual manera, el recurrente deberá incluir en el apéndice de su recurso cualquier documento que forme parte del expediente administrativo y que guarde relación con los asuntos planteados en su recurso.[2]

Cabe destacar que, el incumplimiento con las reglas de los tribunales apelativos puede impedir la revisión judicial. Véase, *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017). Así, las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Isleta, LLC v. Inversiones Isleta Marina, Inc.*, 203 DPR 585, 590 (2019).

Puntualizamos que, cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. *Allied Management Group, Inc. v. Oriental Bank*, supra, pág. 386. A esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción.

### III.

En su recurso, el Sr. Calderón Rijos parece solicitar que dejemos sin efecto el dictamen del DCR relacionado a la querella disciplinaria incoada en su contra, por infracción al Código 106 del Reglamento Núm. 9221. El recurrente argumenta que, no debió ser hallado incurso en tal violación fundamentado en que, la prueba de

---

[1] Regla 59(E)(d) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59(E)(d).
[2] Regla 59(E)(f) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59(E)(f).

campo que le realizó la Policía de Puerto Rico no arrojó resultados positivos a ninguna sustancia peligrosa.

Antes de ejercer nuestra función revisora, precisa auscultar si esta Curia goza de jurisdicción para entender en el presente asunto. Según la normativa previamente discutida, cuando una parte solicita la revisión judicial de un dictamen administrativo debe perfeccionar su recurso conforme a las leyes o reglamentos aplicables, de manera que, esta Curia adquiera jurisdicción sobre la controversia en cuestión.

Tras evaluar el expediente ante nuestra consideración, constatamos que el recurrente incumplió con los requisitos de forma y contenido para perfeccionar su recurso, a tenor de la Regla 59 de nuestro Reglamento, *supra.* Particularmente, no incluyó señalamientos de error y omitió en el apéndice de su recurso una copia del dictamen recurrido y de los demás documentos que forman parte del expediente original. Ello nos impide acreditar nuestra jurisdicción y estar en posición de evaluar la corrección de la determinación del DCR. Consecuentemente, esta Curia carece de jurisdicción para atender el recurso de epígrafe, según presentado.

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones