ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| RUBEN CAFÉ CORP Y OTROS<br><br>Peticionario<br><br>v.<br><br>TSF PROPERTIES, INC. Y OTROS<br><br>Recurrido | KLCE202400675 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV11325<br><br>Sobre: Desahucio por incumplimiento y otros |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de julio de 2024.

Comparece Ruben's Café Corp. (RCC o peticionario) y nos solicita que revoquemos la *Resolución* y *Orden* emitida el 16 de mayo de 2024 por el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario). En esta, el TPI admitió una contestación a un requerimiento de admisiones acreditada por TSF Properties, Inc. (TSF o recurrido).

Por los fundamentos que exponemos a continuación, desestimamos el recurso de *certiorari* de epígrafe por carecer de jurisdicción sobre el mismo.

## I.

RCC instó una demanda en contra de TSF el 6 de diciembre de 2023 sobre incumplimiento de contrato, dolo, así como daños y perjuicios. En apretada síntesis expuso que, RCC es una corporación doméstica y propietaria de un concepto comercial dedicado a la confección y venta de comida criolla. Añadió que, TSF es propietaria de un inmueble comercial sito en San Juan, Puerto Rico. Entre las partes se perfeccionó un contrato de arrendamiento

Número Identificador

RES2024_____

el 12 de julio de 2019. Adujo que, TSF omitió honrar los espacios y accesos acordados para el uso de RCC incumpliendo así lo pactado. Por ello, entre otras múltiples razones, las relaciones entre las partes erosionaron y el 12 de octubre de 2023 TSF cursó un aviso de desahucio. Ante la presunta alteración de lo pactado, RCC incoó la referida demanda en la cual reclamó el resarcimiento por incumplimiento contractual, dolo, más costas y honorarios de abogado.

Coetáneo a lo anterior, el 5 de enero de 2024, TSF incoó un pleito de desahucio por incumplimiento de contrato en contra de RCC. En este arguyó que, RCC incumplió al no conservar en buen estado el inmueble y las áreas circundantes. Además, indicó que RCC realizó una expansión en el local comercial no autorizada, instaló letreros, así como un generador en el área de estacionamiento, donde también colocó mesas, sillas y sombrillas sin la autorización correspondiente. Por ello, imploró al foro primario ordenar el desahucio de RCC del inmueble en controversia. Los referidos pleitos fueron consolidados mediante orden emitida el 7 de mayo de 2024.[1]

Así las cosas, la presente causa surge el, durante la etapa de descubrimiento de prueba. Según surge del apéndice, el 17 de abril de 2024, RCC cursó a TSF un pliego de interrogatorios, producción de documentos y requerimiento de admisiones mediante correo electrónico.

En reacción, TSF instó una moción en la cual solicitó una extensión de plazo para acreditar cumplimiento. Informó que, aún no había vencido el término reglamentario para contestar.  Junto a su moción incluyó una copia de la contestación al requerimiento de admisiones, juramentada, por la Presidenta de TSF, ante notario en

---

[1] Entrada número de SUMAC en referencia al caso SJ2023CV11325 y el caso SJ2024CV00119.

West Palm Beach Florida. En su súplica, solicitó una extensión de tiempo para responder al interrogatorio y el requerimiento de admisiones de manera conjunta o en la alternativa se permitiera a la parte demandada presentar el requerimiento de admisiones juramentado ese mismo día.[2]

RCC se opuso a la prórroga solicitada. Arguyó que, el petitorio era en extremo tardío, al interponerse fuera de los 20 días que exige la Regla 33 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 33 y sin justa causa.

En respuesta, TSF adujo que "por error o inadvertencia" entendió que, las contestaciones a la totalidad de los pliegos podían ser entregadas de manera conjunta en el término de treinta (30) días, sin con ello incumplir con el término inferior de veinte (20) días aplicable a la contestación al requerimiento de admisiones. Planteó que, según lo resuelto en *Audiovisual Lang v. Sist. Est. Natal. Hnos.*, 144 DPR 563, 571 (1997), expirado el plazo para contestar el requerimiento de admisiones, se consideran automáticamente admitidos, "a menos que posteriormente, mediante una solicitud expresa, el tribunal permita a la parte destinataria corregir la afirmación o retirar la admisión"[3] para así liberar a una parte del rigor probatorio de las materias admitidas voluntaria o involuntariamente por virtud de la regla procesal.

A lo antes TSF añadió que, la admisión sería injusta por ser plagada de falsedad. Destacó que, la presunta tardanza no ocasionó daño a RCC. Además, que el caso se encontraba consolidado con el pleito anterior de RCC y que se le permitió a RCC una prórroga para contestar la demanda porque tenía que prepararse para las fiestas de la calle San Sebastián, sin acreditar el pago de las rentas adeudadas, entre otros. Por su parte, RCC acreditó una dúplica en

---

[2] Apéndice, pág. 13-14.
[3] *Réplica a moción en oposición a solicitud de prórroga sobre el requerimiento de admisiones.* Apéndice, pág. 33.

la cual reiteró su petitorio. Evaluado lo anterior, el TPI autorizó la contestación al requerimiento de admisiones.

Inconforme, RCC acude ante esta Curia y en su único señalamiento expone que, erró el Honorable Tribunal de Primera Instancia y abusó de su discreción al autorizar la presentación tardía de la contestación al requerimiento de admisiones a pesar de haberse efectuado inoportunamente, sin mediar una razón justificada.

Por su parte, la recurrida comparece el 1 de julio de 2024 mediante una *Moción informativa y en solicitud de desestimación.* En esta sostuvo que, ante el incumplimiento de las exigencias reglamentarias en el trámite apelativo, corresponde la desestimación de la causa por falta de notificación. Por ser un asunto de umbral jurisdiccional ordenamos a la peticionaria mostrar causa. A esos efectos, la peticionaria comparece ante nos el 16 de julio de 2023. En su moción reconoce no haber notificado a la recurrida la totalidad del recurso instado ante esta Curia debido a un error clerical el cual, a su entender, no ha causado un perjuicio significativo a la recurrida. Procedemos a resolver.

**II.**

**A. La jurisdicción y la notificación a las partes**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio de 2024. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas de la*

*Administración de Servicios Generales de Puerto Rico,* 2024 TSPR 24, resuelto el 13 de marzo de 2024. Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por estas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Torres Alvarado v. Madera Atiles*, supra.

Con respecto al procedimiento para formalizar una petición de *certiorari* ante esta Curia, la Regla 32(D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32(D), y la Regla 52.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, establecen que el recurso de *certiorari* debe ser presentado dentro del término jurisdiccional de treinta (30) días, siguientes al archivo en autos de una copia de la notificación del dictamen recurrido.

De otra parte, la Regla 33(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33(B), exige a la parte peticionaria notificar una copia de su recurso de *certiorari*, debidamente sellada con la fecha y hora de presentación, a los demás abogados de récord, dentro del término para la presentación del recurso.   El Tribunal Supremo ha expresado que "los requisitos

de notificación no constituyen una mera formalidad procesal, sino que son parte integral del debido proceso de ley". *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 551 (2017). Precisa enfatizar que, la ausencia de una oportuna notificación a todas las partes en el litigio y al foro recurrido conlleva la desestimación del recurso. *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1071 (2019). A esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra,* faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo, ante la ausencia de jurisdicción.

**III.**

Al entender sobre la presente causa colegimos que, el peticionario solicita que dejemos sin efecto el dictamen del TPI, mediante el cual, autorizó la presentación tardía de contestaciones a un requerimiento de admisiones. Sin embargo, tal y como expuso el recurrido en su solicitud de desestimación, el peticionario no le notificó adecuada y oportunamente su recurso, al solo remitirle su portada ponchada, en ausencia del recurso en su totalidad. Así lo reconoció el peticionario en su *Moción en cumplimiento de orden y en oposición a solicitud de desestimación,* lo cual atribuyó a un honesto error clerical durante la creación digital del archivo en formato PDF, previo a notificarlo electrónicamente.

Si bien es cierto que el peticionario -posteriormente y vencido el término de treinta (30) días- notificó al recurrido la totalidad del recurso de *certiorari*, la Regla 33(B) de nuestro Reglamento exige que la notificación del recurso a las demás partes se realice dentro del término dispuesto para su presentación, <u>salvo causa justificada</u>. A esos efectos, la inobservancia de los requerimientos de notificación que establece la Regla 33(B) del Reglamento del Tribunal de Apelaciones, *supra,* no es una mera formalidad procesal, más bien, es parte integral del debido proceso de ley. A pesar de la oportunidad

concedida a la parte peticionaria, dicha parte no acreditó justa causa por su incumplimiento conforme exige la normativa antes expuesta. En su consecuencia, una omisión a esos efectos nos priva de autoridad para entender en los méritos del recurso, sin que ostentemos discreción para asumir jurisdicción. En conclusión, procede su desestimación.

**IV.**

Por los fundamentos que antecede, declaramos ha lugar la *Moción Informativa y en Solicitud de Desestimación* presentada por la parte recurrida y en su consecuencia ordenamos la desestimación del recurso de *certiorari* por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones