Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| JEYLEEN ORTIZ ORTIZ  Apelante  v.  PONCE HEALTH SCIENCES UNIVERSITY Y OTROS  Apelado | KLAN202400659 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Ponce  Caso Núm.: PO2019CV00554  Sobre: Incumplimiento de contrato |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece Jayleen Ortiz Ortiz (Sra. Ortiz Ortiz o apelante) y nos solicita que revoquemos la *Sentencia* dictada el 10 de junio de 2024 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro primario). Mediante el referido dictamen, desestimó con perjuicio la causa de acción presentada por la vía sumaria.

Por los fundamentos que exponemos a continuación, desestimamos el recurso de apelación por carecer de jurisdicción sobre el mismo.

**I.**

La Sra. Ortiz Ortiz instó una demanda[1] en contra de Ponce Health Sciences University (PHSU) y el Hospital General Menonita de Aibonito, Inc. (Hospital Menonita) sobre daños y perjuicios contractuales y extracontractuales, incumplimiento de contrato, dolo, entre otros. En apretada síntesis, la apelante expuso que, era estudiante de un programa (pre-interno) establecido entre la Universidad Autónoma de Guadalajara y PHSU. No obstante,

---

[1] Véase, Apéndice, págs. 161-168. Demanda Enmendada el 2 de marzo de 2022.

mediante comunicación suscrita el 28 de febrero de 2018 por PHSU, fue expulsada del programa. Sostuvo que, su expulsión fue contrario a derecho y que, PSHU no siguió los reglamentos aplicables. En conformidad con lo anterior, solicitó ser reinstalada al programa de PSHU más el resarcimiento por los daños y perjuicios sufridos.

En reacción, PHSU acreditó su alegación responsiva y argumentó que, fue la conducta de la Sra. Ortiz Ortiz la que provocó la acción de la Universidad. Además, puntualizó que, no se trataba de uno o dos incidentes aislados, sino ocurrieron más de cinco incidentes con diferentes personas que interactuaron con la Sra. Ortiz Ortiz que constituyen violación a los reglamentos universitarios. De otra parte, el Hospital Menonita, presentó su alegación responsiva y negó las alegaciones contenidas en la demanda.

Luego de varios tramites procesales, PHSU instó una *Solicitud de Sentencia Sumaria* en la cual solicitó la desestimación de la causa. En esencia, expuso que, la suspensión de la Sra. Ortiz Ortiz del programa respondió únicamente a la conducta indisciplinada y poco profesional de la apelante. Asimismo, el Hospital Menonita presentó una *Moción de Desestimación y Uniéndonos a Solicitud de Sentencia Sumaria del Ponce Health Science Uiversty [sic]*[2]. En esta, argumentó que la demanda presentada estaba prescrita y que además, se había dejado de acumular una parte indispensable en el pleito.

En respuesta, la Sra. Ortiz Ortiz se opuso a ambos petitorios.[3] En esencia, arguyó que, no había ausencia de parte indispensable, que PHSU se apartó de sus reglamentos al no cumplir un debido proceso en este caso. Sostuvo que, persisten controversias

---

[2] Apéndice, págs. 86-93.
[3] Apéndice, pág. 102-120. Véase, *Moción en Oposición a Solicitud de Sentencia Sumaria [Hospital General Menonita de Aibonito 131 y 132* y *Moción en Oposición a Solicitud de Sentencia Sumaria* instado por PHSU.

medulares que no permiten la adjudicación de la causa por la vía sumaria.

Evaluado lo anterior, el TPI emitió la *Sentencia* apelada mediante la cual declaró ha lugar la *Moción de Sentencia Sumaria* interpuesta por PHSU, así como la *Moción de Desestimación y Uniéndonos a Solicitud de Sentencia Sumaria del Ponce Health Science Uiversty [sic]* instada por el Hospital Menonita. En su dictamen, el TPI desestimó la causa de acción presentada y ordenó el archivo del caso con perjuicio.

Insatisfecha con la determinación del TPI, la apelante recurre ante esta Curia mediante el presente recurso, por entender que, el foro primario cometió los siguientes errores:

> Erró el honorable Tribunal de Primera Instancia al declarar ha lugar la solicitud de sentencia sumaria presentada por PHS, a la cual se le unió Hospital Menonita.

> Erró el honorable Tribunal de Primera Instancia al declarar ha lugar la solicitud de desestimación presentada por Hospital Menonita.

> Erró el honorable Tribunal de Primera Instancia al no considerar los procedimientos establecidos en el manual del estudiante de PHSU lo cual denota que no siguió los procedimientos establecidos.

Pendiente el recurso ante nos, el 16 de julio de 2024, la apelante presentó una *Moción Informativa en Torno a Notificación.* Informó haberle notificado el presente recurso a la representación legal de las partes y al TPI. Junto a su escrito únicamente anejó copia de un correo electrónico dirigido a la representación legal de la parte apelada.

PHSU compareció ante esta Curia y presentó una *Moción de Desestimación.* En su petitorio de desestimación, argumentó que, la apelante incumplió con la Regla 14(B) del Reglamento de Apelaciones, 4 LPRA Ap. XXII-B, R.14(B), dado que, omitió presentar la cubierta o portada del presente recurso de apelación, debidamente sellada con la fecha y hora de le presentación ante el

foro primario dentro del término que provee la Regla 14(B), *supra.* Añadió que, ante el incumplimiento de las exigencias reglamentarias en el trámite apelativo, corresponde la desestimación de la causa.

Por otro lado, el Hospital Menonita compareció ante nos mediante una *Moción Uniéndose a Solicitud de Desestimación Radicada por Ponce Health Science University (PHSU).* En esta, solicita la desestimación del recurso debido a que la apelante no le notificó al TPI el recurso presentado, incumpliendo así, con la Regla 14(B) del Reglamento del Tribunal de Apelaciones. De igual forma, argumenta que el recurso de apelación está incompleto porque la apelante omitió incluir en su apéndice una moción esencial.

En atención a lo antes, emitimos una *Resolución* otorgándole un término a la parte apelante para que expresara su posición en torno a las mociones presentadas.[4] Así las cosas, la Sra. Ortiz Ortiz presentó su *Moción en Cumplimiento de Orden.* En esta, describe como un error humano su incumplimiento con la Regla 14(B) de nuestro Reglamento, *supra.*

## II.

### A. La jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024.[5] Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas de la*

---

[4] PHSU instó su *Alegado el Oposición* el 21 de agosto de 2024.
[5] Véase, págs. 14-16.

*Administración de Servicios Generales de Puerto Rico*, 2024 TSPR 24, resuelto el 13 de marzo de 2024. Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por estas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Torres Alvarado v. Madera Atiles*, supra.

**B. Presentación y notificación de los recursos ante el Tribunal de Apelaciones**

Nuestro ordenamiento jurídico concede a todo ciudadano el derecho estatutario a revisar las decisiones de un organismo inferior. *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 589-590 (2019). Sin embargo, este derecho está sujeto a limitaciones legales y reglamentarias, por ejemplo, su correcto perfeccionamiento. *Íd.* Particularmente, la Regla 14 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 14, exige la oportuna presentación y notificación del recurso al foro apelado. La citada Regla 14 dispone, en lo pertinente:

> (A)   La apelación se formalizará presentando el original del escrito de apelación y tres copias en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia que dictó la sentencia apelada.

(B) De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante **deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia** que haya dictado la sentencia apelada, **dentro de las setenta y dos horas siguientes a la presentación del escrito de apelación.** Este término será de cumplimiento estricto.

[...]

(Énfasis nuestro.)

Además, la Regla 14 (B) de nuestro Reglamento, *supra,* exige notificar a la Secretaría del foro primario recurrido, copia de la cubierta de la apelación presentada ante el Tribunal de Apelaciones, a modo de notificarle que su dictamen ha sido apelado. Para tales fines, la referida regla concede al apelante un término de setenta y dos horas, de cumplimiento estricto, contados a partir de la presentación del recurso. *Íd.* Es menester recalcar que, la falta de notificación al foro inferior sobre la presentación de un recurso apelativo, en el término de cumplimiento estricto de setenta y dos horas concedido, y sin acreditar justa causa, incide sobre la jurisdicción del tribunal revisor. *Isleta v. Inversiones Isleta Marina*, supra, pág. 591.

Con respecto a la acreditación de justa causa, en *Soto Pino v. Uno Radio Group*, 189 DPR 84, 93 (2013), el Tribunal Supremo reiteró que;

[...] [l]a acreditación de justa causa se hace con explicaciones concretas y particulares —debidamente evidenciadas en el escrito— que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa. (Énfasis suprimido)

En ese sentido, para que un Tribunal pueda eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, deben estar presentes las siguientes condiciones: (1) que en efecto exista justa causa para la dilación; y (2) que la parte le demuestre detalladamente al tribunal las bases

razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida. *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 171 (2016); *Soto Pino v. Uno Radio Group*, supra, pág. 93.

Es norma reiterada que, la inobservancia de las reglas de los foros apelativos puede imposibilitar la revisión judicial. *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017), citando a *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). De manera que, las disposiciones reglamentarias que gobiernan el perfeccionamiento de los recursos apelativos deben acatarse rigurosamente. *Metro Senior v. AFV,* 209 DPR 203 (2022). Por eso, el incumplimiento con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos puede dar lugar a la desestimación. *Isleta v. Inversiones Isleta Marina*, supra.

El Tribunal Supremo ha expresado que "los requisitos de notificación no constituyen una mera formalidad procesal, sino que son parte integral del debido proceso de ley". *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 551 (2017). Precisa enfatizar que, la ausencia de una oportuna notificación a todas las partes en el litigio y al foro recurrido conlleva la desestimación del recurso. *González Pagán v. SLG Moret-Brunet,* 202 DPR 1062, 1071 (2019). A esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo, ante la ausencia de jurisdicción.

**III.**

Luego de examinar sosegadamente el recurso presentado, su apéndice y los documentos que surgen del expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos

(SUMAC) del Poder Judicial, colegimos que, nos encontramos ante una controversia de naturaleza jurisdiccional.

En la presente causa, la apelante presentó ante esta Curia un recurso de apelación el 10 de julio de 2024. Más adelante, instó una *Moción Informativa en Torno a Notificación* en la cual, acreditó haber notificado el recurso de epígrafe a la representación legal de las partes y al foro primario. Sin embargo, no incluyó copia de la carátula ponchada presentada ante el TPI. No obstante, realizamos una búsqueda en SUMAC de la cual pudimos constatar que, la apelante no acreditó la notificación al foro primario de la presentación de su recurso ante esta Curia. Lo antes, en menoscabo de la Regla 14(B) de nuestro Reglamento, *supra*. Siendo un término de estricto cumplimiento, ordenamos a la parte apelante exponer su posición sobre las mociones dispositivas interpuestas por los apelados, en aras de que informara su justa causa ante el presunto incumplimiento. Sin embargo, en su *Moción en Cumplimiento de Orden*, la apelante se limitó a expresar que la razón para incumplir con la notificación al foro primario fue un error humano. Resulta claro, que la Sra. Ortiz Ortiz no acreditó o demostró justa causa sobre incumplimiento con la Regla 14(B) de nuestro Reglamento, *supra*, conforme exige la normativa antes expuesta. En su consecuencia, toda vez que, ha transcurrido mayor término de lo permitido sin que la apelante haya demostrado justa causa, esta Curia carece de discreción para prorrogar el término de cumplimiento estricto. En su consecuencia, procede la desestimación del recurso de epígrafe por falta de jurisdicción.

**IV.**

Por los fundamentos que antecede, declaramos ha lugar la *Solicitud de Desestimación* y la *Moción Uniéndose a Solicitud de Desestimación Radicada por Ponce Health Science University (PHSU)*

presentadas por los apelados y, en su consecuencia, ordenamos la desestimación del recurso de apelación por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones