ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| El pueblo de puerto rico<br><br>RECURRIDO<br><br>V.<br><br>JUAN ANTONIO HUERTAS FLORES<br><br>Peticionario | KLCE202500469<br><br>CONSOLIDADO CON<br><br>KLCE202500492 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Criminal Número: C LE2023G0090<br><br>Sobre:<br><br>Art. 3.1 Ley 54 Enm. A: Tentativo Artículo 3.1 Ley 54 |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de mayo de 2025.

Comparece ante nos, Juan Antonio Huertas Flores (en adelante, "el peticionario"). A los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 28 de enero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Arecibo. Mediante la referida determinación el foro recurrido rechazó la pena alternativa a la reclusión recomendada por las partes, y en cambio condenó al peticionario a una pena de reclusión.

El peticionario, presentó dos recursos exactamente iguales: KLCE202500469 y KLCE202500492, que aquí consolidamos.

Por los fundamentos que expondremos a continuación, desestimamos ambos recursos a tenor de la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83.

**I.**

Surge del expediente ante nuestra consideración, que el peticionario fue imputado por violentar la Ley para la Prevención e

Número Identificador
SEN2025 _____

Intervención con la Violencia Doméstica, Ley Núm. 54 de 15 de agosto de 1989, según enmendada, 8 LPRA sec. 601 et seq. Posteriormente, según adujo el peticionario, su defensa y el Ministerio Público llegaron a un acuerdo en cuanto a la pena que se le debía imponer. Así pues, el peticionario formuló alegación de culpabilidad. No obstante, sostuvo que el foro recurrido rechazó la pena alternativa a la reclusión recomendada por las partes, y en cambio condenó al peticionario a una pena de reclusión. Esto, mediante la sentencia dictaminada el 28 de enero de 2025.

Se desprende del expediente, que el 12 de febrero de 2025, el peticionario presentó "*Moción en reconsideración de sentencia.*"[1] Tras el foro recurrido conceder un término de quince (15) días al Ministerio Público para presentar su posición respecto a la aludida moción, el 28 de marzo de 2025, el referido foro notificó una "*Resolución.*" Mediante esta, sostuvo la pena de reclusión impuesta.

En desacuerdo, el 28 de abril de 2025 a las 3:57pm, el peticionario presentó ante el foro recurrido el recurso de *certiorari* de designación alfanumérica: KLCE202500469. El referido recurso, se notificó ante esta Curia el día 1 de mayo de 2025 a las 12:06pm. En la misma fecha de 28 de abril de 2025, el peticionario presentó a las 3:56pm ante el tribunal recurrido el recurso de designación alfanumérica: KLCE202500492. Este último, fue presentado ante este Tribunal en fecha de 5 de mayo de 2025 a las 1:52pm. Ambos recursos son exactamente iguales. A través de estos, el peticionario planteó los siguientes señalamientos de error:

1. Erró el Tribunal de Primera Instancia al excederse de su discreción judicial al rechazar inmotivadamente el preacuerdo celebrado entre las partes.

2. Erró el Tribunal de Primera Instancia al emitir sentencia adoleciendo de exposición razonada de fundamentos jurídicos que sostuvieron su determinación.

---

[1] La referida fecha surge de la "*Moción en Solicitud de Prórroga para Contestar Moción de Reconsideración de Sentencia,*" presentada por el Ministerio Público. El peticionario no incluyó copia de la reconsideración presentada entre los documentos que acompañan el expediente ante nos. De modo que, no es posible corroborar la fecha de presentación exacta de la referida "*Moción en reconsideración de sentencia*"

3. Erró el Tribunal de Primera Instancia al emitir Resolución de "No Ha Lugar" a la Moción de Reconsideración de Sentencia sin exposición razonada.

4. Erró el Tribunal Primera Instancia al notificar tardíamente la Resolución que rechazó la reconsideración de sentencia.

5. Erró el Tribunal de Primera Instancia al notificar fuera de término la Orden que concedió prórroga indebida al Ministerio Público.

6. Erró el Tribunal de Primera Instancia al conceder prórroga al Ministerio Público pese a constar en autos notificación previa correcta.

7. Erró el Tribunal de Primera Instancia al no atender la Moción Urgente en Seguimiento a la Moción de Reconsideración.

8. Erró el Tribunal de Primera Instancia al inducir a error a la defensa mediante notificaciones simultáneas de múltiples resoluciones el mismo día.

9. Erró el Tribunal de Primera Instancia al emitir resolución sin permitir a la defensa conocer a la oposición del Ministerio Público.

10. Erró el Tribunal de Primera Instancia al emitir resolución referencial sin fundamentar ni explicar las anomalías procesales previas.

**II.**

La Jurisdicción es el poder o autoridad que poseen los tribunales para decidir casos o controversias. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). No hay discreción para asumir jurisdicción cuando no existe. *Id.* En lo pertinente, las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos deben observarse rigurosamente. Véase, *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019) y *Lugo v. Suárez,* 165 DPR 729, 737 (2005). El incumplimiento de dichas disposiciones reglamentarias puede impedir la revisión del foro apelativo. *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017). Además, el Tribunal de Apelaciones tiene facultad para desestimar un recurso apelativo o denegar un auto discrecional al amparo de la Regla 83, *supra.* Esto, cuando, entre otras causas, el tribunal carece de jurisdicción o un recurso se presenta fue del término de cumplimiento estricto dispuesto para ello.

El Reglamento del Tribunal de Apelaciones incluye disposiciones que regulan la presentación de los recursos y su contenido. En lo concerniente, la Regla 32(A) de este Tribunal establece que el auto de *certiorari* es el recurso idóneo para revisar las sentencias en los casos de convicción por alegación de culpabilidad. 4 LPRA Ap. XXII-B, R. 32(A). El referido recurso se debe presentar en el término jurisdiccional de treinta (30) días contados a partir de dictaminada la sentencia. *Id.*

En cuanto a la presentación de este tipo de recursos, la Regla 31 preceptúa que la presentación de un recurso de *certiorari* se formalizará cuando se cumpla con los términos y la forma provista en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 2 et seq y el Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 31. Así pues, en la Regla 33(A) del Reglamento de esta Curia se dispuso que la presentación de un auto de *certiorari* se formalizará con la presentación del recurso ante la Secretaría del Tribunal de Primera Instancia o del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 33(A). De presentarse ante la Secretaría del Tribunal de Primera Instancia, el peticionario deberá notificar a la Secretaría del Tribunal de Apelaciones dentro de las cuarenta y ocho (48) horas siguientes a la presentación de la solicitud, el original del escrito con el arancel cancelado.[2] *Id.* Este término es uno de estricto cumplimiento. *Id.*

A su vez, toda persona peticionaria deberá cumplir con los requerimientos de contenido dispuestos en la Regla 34 del Reglamento del Tribunal de Apelaciones. De manera que, hará referencia a la decisión cuya revisión se solicita y a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari*. 4 LPRA Ap. XXII-B, R. 34(C)(c). Asimismo, el referido recurso no debe exceder de veinticinco (25)

---

[2] Similar requerimiento de cuarenta y ocho horas se encuentra establecido en la Regla 194 de Procedimiento Criminal, 34 LPRA Ap. II, R. 194.

páginas, con exclusión de la certificación de la notificación, del índice y del apéndice. 4 LPRA Ap. XXII-B, R. 34(D).

Además, la persona peticionaria debe incluir un apéndice junto al recurso presentado. En los casos criminales el referido apéndice debe incluir la denuncia y la acusación, si las hubiere; la decisión del tribunal cuya revisión se solicita; cualquier moción, resolución u orden necesaria que acredite la interrupción del término para recurrir y su reanudación, así como la notificación del archivo en autos de la copia de la resolución u orden. 4 LPRA Ap. XXII-B, R. 34(E). De igual modo, la persona peticionaria deberá incluir cualquier, resolución, orden, moción o escrito que forme parte del Tribunal Primera Instancia y que sea relevante para el auto de *certiorari* o útil al Tribunal de Apelaciones para resolver la controversia. *Id.*

**III.**

Conforme fue reseñado, el peticionario presentó dos (2) recursos de *certiorari* exactamente iguales. Ambos recursos fueron presentados el 28 de abril de 2025 ante el Tribunal de Primera Instancia con un minuto de diferencia, según se desprende de los ponches de presentación de dicho tribunal. Ambos recursos incumplen con el término reglamentario de estricto cumplimiento para notificar a esta Curia. Nótese, que el recurso KLCE202500469 se presentó ante este Tribunal el 1 de mayo de 2025 y el recurso KLCE202500492 se presentó ante este Foro el 5 de mayo de 2025. Por consiguiente, la notificación al Tribunal de Apelaciones se realizó en exceso de las cuarenta y ocho (48) horas requeridas para ello. Tampoco surge de los referidos recursos algún escrito del peticionario mediante el cual exprese las razones justificadas, si alguna, para tal dilación.

El aludido incumplimiento por sí solo impide nuestra revisión de los recursos presentados. Sin embargo, es meritorio señalar que los recursos ante nuestra consideración incumplen crasamente con disposiciones reglamentarias adicionales recogidas en nuestro Reglamento. Esto, incide

en el perfeccionamiento de los referidos recursos. No se desprende de los expedientes que el peticionario haya incluido en el apéndice la denuncia o acusación. De igual modo, no surge que haya incluido copia de la sentencia recurrida ni de la reconsideración presentada. La ausencia de la sentencia recurrida entorpece que podamos colocarnos en posición de evaluar la procedencia de los remedios peticionados y la falta de copia de la reconsideración obstaculiza que podamos evaluar con exactitud la interrupción de los términos aplicables.

A su vez, con exclusión de la certificación de la notificación, del índice y del apéndice, los recursos presentados constan de unas veintisiete (27) páginas. Siendo así, el peticionario no solicitó autorización para exceder las veinticinco (25) páginas requeridas. Por consiguiente, los recursos de epígrafe no cumplen con la Regla 34 (D), *supra*. De otra parte, los referidos recursos omiten la inclusión de escritos relevantes y útiles que puedan ayudar en la revisión eficaz de los errores planteados.

Ciertamente, nuestras disposiciones reglamentarias se deben interpretar de tal forma que propicien el acceso a la justicia. No obstante, también es norma reiterada que los requisitos reglamentarios deben observarse rigurosamente. Si bien en este tipo de casos el requisito de notificación aplicable es de estricto cumplimiento, el cual pudiera extenderse en circunstancias que lo ameriten, la referida extensión no procede de forma automática. *Montañez Leduc v. Robinson Santana*, supra, pág. 550; *Lugo v. Suárez,* supra, pág. 738. La extensión solo tiene lugar ante los escenarios en que la parte peticionaria demuestre justa causa. *Montañez Leduc v. Robinson Santana*, supra, pág. 551. En este caso, el peticionario no expresó las razones por las cuales notificó a esta Curia luego de las cuarenta y ocho (48) horas de haber presentado los recursos ante el foro recurrido. Además, el peticionario tampoco solicitó autorización para presentar unos recursos con exceso de las páginas requeridas ni peticionó que se le permitiera presentar la documentación del apéndice en una fecha posterior.

En vista de ello, y a tenor de la facultad que nos confiere la Regla 83, *supra*, desestimamos los recursos de epígrafe por incumplimiento con los requisitos reglamentarios de nuestro Reglamento, y por ser el caso KLCE202500492 una duplicidad del caso KLCE202500469.

**IV.**

Por los fundamentos que anteceden, *desestimamos* a tenor de la Regla 83, *supra* los recursos de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones